## Hosea Hall *vs.* Solomon Biever.

### *Error to Jefferson.*

The fifty dollar limitation of a justices' jurisdiction, refers not to the whole of the plaintiff's account, but to the amount claimed to be still due thereon.
Where there is no return endorsed on the summons, that defect is cured by the ap-pearance of defendant.

This action was commenced originally before a justice of the peace, and brought from thence to the District Court of Jefferson county, by appeal. There was no return endorsed on the summons issued by the justice, but the defendant appeared in that court. The whole account filed by the plaintiff below, was one hundred and thirty-one dollars, upon which there was a credit of eighty two dollars and seventy-five cents, leaving a balance still claimed to be due of forty-eight dollars and twenty-five cents. Under these circumstances (as appears by the bill of exceptions) the counsel for the defendant below, contended, that the jury could only regard the forty-eight dollars and twenty-five cents, the sum claimed to be due, and that if the defendant could make proof

15

of any payment at all, their amount must be deducted from the sum thus claimed to be due; but the court permitted the plaintiff to prove such payment to be included in the credit of $82,75 above mentioned.

J. B. & G. W. TEAS, for plaintiff in error.

H. W. STARR, for defendant in error.

BY THE COURT, MASON, CHIEF JUSTICE.—This case came up on two bills of exceptions and was submitted without argument. The first exception is founded upon the fact that the court refused to dismiss the cause on defendants motion. The reasons for this motion were, 1st: That there was no return endorsed on the summons issued by the justice of the peace. The transcript, however, shows that the defendant appeared at the trial in his court. This appearance cured all defects in the return. The second reason for said motion was that the justice of the peace had originally no jurisdiction of the cause " as shown per account filed." The account here alluded to, does not appear on the record in this court, nor is there any thing else here by which we can infer such want of jurisdiction.

From the second bill of exceptions it appears that the account filed by the plaintiff before the justice of the peace, amounted to one hundred and thirty-one dollars, although it appears that the balance actually claimed by him was only forty-eight dollars and twenty-five cents.— The defendant's counsel moved the court to instruct the jury that they could only take into consideration the sum of forty-eight dollars and twenty-five cents as the plaintiffs entire demand, subject to the defendant's proofs, but the court instructed the jury that they could investigate the whole account for the purpose of ascertaining the *balance due* if any, but that they could not give a verdict for more than the $48,25, to which instruction an exception was taken.

This instruction was clearly correct. The jurisdiction of justices of the peace is limited to those cases where the sum claimed does not exceed fifty dollars. No matter therefore how great may be the entire amount of the plaintiff's account, nor even how great may be the defendant's actual indebtedness, if the account has been reduced by payment, or allowable offsets, to the prescribed limit, or, if the plaintiff will voluntarily relinquish all over the amount of fifty dollars, he is entitled to sue in the justices court.

The judgment of the court below will therefore be affirmed.