## GUEST v. BYINGTON.

1. PRESUMPTION OF WAIVER.    When the record shows that a motion was made to strike a pleading from the files, and fails to show that the attention of the court was ever called to it, or that any action was ever taken thereon, it will be presumed that it was waived.

2. PLEA IN BAR.    The pendency of an action at law, brought by the original payee of a note secured by mortgage, is not a bar to a proceeding in chancery by an assignee to foreclose the mortgage.

3. OBJECTION MADE BELOW. The Supreme Court will not consider objections to evidence which were not presented to, and acted upon by, the court below.

4. INSTRUCTION. The court below did not err in refusing instructions not warranted by the evidence.

5. FORECLOSURE OF BOND BY ASSIGNEE. The assignee of notes executed for the purchase money of real estate may, after acquiring the legal title of the original payee, maintain a proceeding to foreclose a title bond executed to the maker, by such payee, for a conveyance upon the payment of the notes.

6. SAME: TENDER OF DEED AND DEMAND OF PAYMENT. When time is made the essence of a contract to convey real estate, a tender of a deed and demand for payment at the maturity of the notes executed for the purchase money is not essential to the obligor's right to foreclose the bond as a mortgage.

*Appeal from Johnson District Court.*

WEDNESDAY, OCTOBER 15.

FOR the facts see the opinion of the court:

*Templin* and *Byington* for the appellant.

*Robinson, Edmonds & Ransom* and *Withrow* for appellee.

WRIGHT, J.—Upon a record as confused and conflicting as was ever presented for our examination, the appellant assigns fourteen errors. From the argument it is difficult to ascertain which are and which are not relied upon, and we shall therefore give to each such attention as its importance demands.

1. A motion was made to strike the petition from the files, because it was not signed, &c. It is a sufficient answer to the assignment of error, touching this part of the case, to say that the motion was never called to the attention of the court, nor was any ruling made upon it. The presumption is that it was waived.

2. The second, third and twelfth errors raise substantially the same question. Respondent answered, among other things, that an action at law was pending in the name of

the original payee (Berryhill) on the notes mentioned in the bond, which complainant, as the assignee thereof, and the holder of the legal title, was seeking to foreclose in this proceeding. To this part of the answer there was a demurrer, which was properly sustained. The simple pendency of another action in the name of another plaintiff was no bar to complainant's recovery. And this disposes of the second and twelfth assignments. The third is based upon the ground that the court *sustained* the demurrer to an amended answer, said amendment setting up fraud, covin, &c. Here is a mistake of fact, for the demurrer was overruled.

3. The fifth and sixth refer to the admission of alleged improper evidence. There are two bills of exceptions, from one of which it seems that a portion of this testimony was received "by and with the full consent of respondent," while from the other it appears that it was offered "subject to all legal objections." The testimony was introduced, and no other objection made to it at the time, nor at any stage of the case, either before or after verdict. A motion for a new trial was made, and it is not even there made a ground of complaint that improper testimony was received. And now it is urged that papers were introduced without proof of their authenticity, and the record of others, without accounting for the absence of the original. These objections should have been made at the time the testimony was offered, for they are in no sense "legal" ones, when made for the first time in this court.

4. The fourth relates to the rejection of certain testimony. The court below properly held that this was irrelevant, as no issue was made by the pleadings to which it was applicable.

5. The seventh error assigned, is in refusing to charge the jury as requested by defendant. And here, again, the two bills of exceptions are unlike. From one it seems that

the instruction was refused because it was asked too late, according to the established and published rule of court, and because the same ground was covered by the instructions in chief. And this is corroborated by a statement in another part of the record. A bill of exceptions subsequently signed, however, makes no allusion to the above grounds, but, directly ·contradicting the former one, says that the instruction was asked before the bailiff was sworn, and was refused,— without reference to any cause other than that, as we suppose, it did not, in the opinion of the judge, contain the law.

This state of record is very much to be deprecated. We regret to say that in·some districts the evil is a growing one. It results, for the most part, from the fact that exceptions are settled weeks and months after the trial of a cause, instead of at the time, when the facts are fresh in the mind of the judge, so that he can state them just as they occurred. Add to this the fact that amendments and additions are frequently almost extorted by the persistent and zealous importunity of counsel, from the judge, who is alone anxious perhaps, to give the unsuccessful party the utmost proper advantage in the appellate tribunal, and these conflicting records are explained. That they present difficulties in the adjudication of causes, and the settlement of important questions brought before us, is most manifest. And therefore we have felt constrained to call attention to it at this time, and to remark, finally, that if it is repeated, we shall be compelled to reject all such parts of a record, or adopt some rule that shall give us the facts as they transpired on the trial.

In this case, adopting the last bill of exceptions as correct, the instruction was properly refused. The instruction, as asked, was: "That if Berryhill made to the defendant false and fraudulent representations as to the contents of said notes, at the time of their execution, and they were signed

VOL. XIV.—5

without being read, they will· find for defendant." It was properly refused, because there was no testimony what-ever showing fraudulent representations "as to the contents of the notes." For anything that appears the notes contained exactly what was represented. Whether they expressed the true amount due from defendant, is another question, not made by the instructions nor controverted by the testimony. Not only so, but the instruction leaves out the element of materiality in the representations supposed to be fraudulent, and the duty of defendant to exercise some diligence on his part in making his contract.

6. The eighth error assigned is in pronouncing judgment without disposing of a pending motion for a new trial. Here, again, appellant misapprehends the record. One bill of exceptions which, in this respect, is not contradicted, nor disputed by the other, shows affirmatively that the motion was overruled. The entry of judgment, also, while it does not show in the most formal manner that it was overruled, makes it sufficiently manifest that such was the judgment and determination of the court.

7. All the other points made by the assignment either raise the same questions above discussed, or the further one that, under the evidence, the equities should have been found for respondent. Complainant, as before suggested, seeks to foreclose a title bond, the bond being made by Berryhill to respondent, obligating Berryhill to make a deed upon the payment of certain notes. The notes were assigned to complainant, and a deed made to her by Berryhill, by which she was invested with the legal title to the land described in the bond. What amount was due, if anything, upon these notes, was the question of fact submitted to, and determined by, the jury. With the correctness of this finding we are satisfied, under the issues made, and testimony submitted. It is urged, however, that the transfer of the notes to complainant, and conveyance to her

of the legal title, did not confer the right to ask a foreclosure of said bond. Upon this subject, we entertain no doubt. If authorities are wanting to sustain complainant's right, they are to be found in *Crow, McCreary & Co.* v. *Vance*, 4 Iowa, 434; *Rankin et al.* v. *Major*, 9 Id., 297; *Blair & Co.* v. *Marsh et al.*, 8 Id., 144, and the cases there cited.

The bond obligates Berryhill to deed, &c., certain lands upon the payment of the notes describe, "time being the essence of the contract." It is now claimed that as neither Berryhill nor his grantee (the complainant) tendered a deed and demanded payment promptly upon the maturity of the last note, and not until some months thereafter, there can be no recovery, for that, as to both parties, time was the essence of the contract. That this position is not tenable, see *Mullin* v. *Bloomer*, 11 Iowa, 360.

Affirmed.