## SMALLEY v. MORES ET AL.

1. **Mortgage**: PURCHASE OF LAND WITH AGREEMENT TO PAY: FACTS CONSTITUTING PAYMENT. Defendants purchased land encumbered by a mortgage, and agreed to pay the mortgage. Plaintiff afterwards came into possession of the note secured by the mortgage, and brought this suit to recover on defendants' promise to pay it. The trial being to the court, *held* that the evidence (see opinion) tended in some degree to establish the defense of prior payment, and that the finding and judgment of the court to that effect could not be disturbed.

2. **Evidence**: OPINION OF WITNESS: ERROR WITHOUT PREJUDICE. A question calling for the legal conclusion of the witness should be ruled out; but in this case, where the trial was to the court, and the witness not only answered the question as asked, but proceeded to state all the facts upon which his answer was based, *held* that the error in allowing the question to be answered was without prejudice.

*Appeal from Bremer Circuit Court.*

THURSDAY, DECEMBER 11.

THIS is an action at law, by which the plaintiff seeks to recover of the defendants upon an alleged agreement, made by the defendants, to pay off and discharge a promissory note and mortgage upon certain land. The defendants purchased the land of the mortgagors, and it is claimed that they assumed the payment of the mortgage. The defendants claim that they have made full settlement and payment of their obligation. There was a trial by the court, without a jury, which resulted in a judgment for the defendants. Plaintiff appeals.

*E. L. Smalley,* for himself.

*Gibson & Dawson,* for appellees.

ROTHROCK, CH. J.—I: In April, 1870, George Wicks and Norman F. Wicks executed and delivered to Thomas Mickley their promissory note for $1,600, due in five years, with 10 per cent per annum interest, the interest payable annually. At the same time they executed and delivered to Mickley a mortgage upon eighty acres of land to secure the payment of the note. In September, 1870, George and Norman F. Wicks sold and conveyed the land to the defendants herein. The conveyance was by a deed of general warranty, excepting as to the mortgage, and it was recited in the deed that the defendants herein were to pay and satisfy the mortgage. This deed was filed for record September 15, 1870. The mortgage was foreclosed for the first three annual installments of interest, and John G. Hoster became the purchaser at the foreclosure sales, and sheriff's deeds were afterwards made to him. The note and mortgage were assigned by Mickley, the payee, to Hoster, January 2, 1871, and at the time of the foreclosure sales Hoster was the owner of the claim.

*1. MORTGAGE: purchase of land with agreement to pay: facts constituting payment.*

It appears that said eighty acres of land, together with two or three hundred acres of other lands, had been previously encumbered by mortgages. These mortgages were foreclosed, and the land sold, and on the eighth of June, 1874, the period of redemption was about to expire. As we understand the record, these prior mortgages had been executed by said Mickley, who formerly owned the land. It required $4,200 to redeem from these prior foreclosures. On the eighth day of June, 1874, Mickley, Hoster, and the defendants Mores, met at Waverly, and an arrangement was effected by which all the land was redeemed from the prior liens. The redemption was made in the name of Mickley, with money furnished by Hoster, and Mickley immediately conveyed all of the land to Hoster. Hoster was then the holder and owner of the Wicks note, or that part of it which had not been paid by the foreclosure of the mortgage to secure it. On the

same day, and, as it seems to us, as a part of the same transaction, Hoster executed to the defendants Mores a receipt, of which the following is a copy:

"WAVERLY, IOWA, June 3, 1884.

"Received from W. H. Mores and A. S. Mores one dollar, in full of all demands, of every nature whatsoever, against W. H. and A. S. Mores in and to the following described premises, to-wit: [Here follows a particular description of the eighty acres of land included in the Wicks mortgage.]
    [Signed]                    "JOHN G. HOSTER."

It is claimed by the defendants that this receipt was intended to be a full release of all their liability upon the note in question. This the plaintiff denies, and claims that the plaintiff did not then know that the defendants were liable upon an assumption of the mortgage debt. The circuit court held that the receipt, in connection with the oral evidence in the case, showed that the claim was then fully settled. The case turns upon this question of fact, and we are required to determine whether the judgment of the circuit court finds support in the evidence. And it must be understood that we are required to apply the same rule to the judgment that we do to the verdict of a jury. Upon the direct question as to whether it was actually stipulated between the parties that the defendants' obligation was then and there canceled, the evidence is in conflict. We do not propose to set it out or review it. We must not be expected to do more than announce our conclusion.

It is urged that the release, if one was made, was without consideration. The court was warranted in finding from the evidence that the defendants loaned $1,500 to Hoster to make up the amount necessary to redeem, and that it was agreed between the parties that, in consideration of this loan, the defendants were released from their obligation. It is true, this appears to be but a meager consideration; but there are other circumstances to be taken into account. It is probable that Mickley was the only party entitled to redeem. The

time for redemption was about to expire, and Mickley claims that the receipt was made for his benefit, as well as the benefit of the defendants. · Hoster acquired title to a large body of land, and it may be thought that he could well afford to release the defendants, if thereby he could obtain the land. There is another very strong circumstance which we think the court probably considered. Hoster was then the holder of the note, and there was evidence to the effect that he did not deliver the note to the defendants, because he wanted to use it and the mortgage in extinguishing the claim of one Hickard upon the land. He held the note for about eight years after this settlement was made, and assigned it to one Kinne, and he assigned to the plaintiff. It does not appear that in all this time any claim was made upon the defendants.

II.   One of the defendants, while under examination as a witness, was asked this question: ."State whether or not at 2. EVIDENCE: that time you had a full and complete settlement opinion of witness: error with John G. Hoster, and whether or not it was without prej- udice. the intention, at the time this receipt was given, to release you and A. S. Mores from all liability on this $1,600 Wicks note and mortgage in question." This question was objected to as incompetent and improper. The objection was overruled, and the plaintiff excepted. The question was plainly improper, as calling for the conclusion of the witness. But, in view of the answer of the witness, and in view of the fact that the trial was before the court and without a jury, we think the plaintiff suffered no prejudice therefrom. The answer was, " Yes, sir;" and the witness immediately pro- ceeded to state all the facts in connection with the transac- tion.

The judgment of the circuit court will be

AFFIRMED..