John McNamara et al., Appellees, v. Chicago, Rock Island & Pacific Railway Company et al., Appellants.

**CARRIERS: Failure to Show Condition When Delivered to Carrier.**
1  Failure of the evidence to show the condition of stock *when delivered to the carrier* is not fatal to recovery of damages, under pleadings distinctly alleging damages by reason of a specified act of negligence occurring *subsequent to receipt by the carrier.*

**APPEAL AND ERROR:** ''Brief Points'' as Limiting Scope of Re-
2  view. The propositions or "points" set forth by appellant in his brief and argument, and *not the abstract or assignments of error,* define the scope of appellate review.

*Appeal from Madison District Court.*—W. H. Fahey, Judge.

JANUARY 10, 1918.

REHEARING DENIED MAY 10, 1918.

Plaintiffs seek to recover damages caused by an unduly delayed interstate shipment, and for an overcharge of freight. A verdict was directed for the defendants. From granting a new trial, the defendants appeal.—*Affirmed.*

*F. W. Sargent, W. S. Cooper,* and *J. H. Johnson,* for appellants.

*J. P. Steele,* for appellees.

Salinger, J.—I. The jury could find that the shipment, hogs, was delivered by defendant in a damaged condition. If it so found, it had a basis in the testimony received for the allowance of some sum for damages. The court directed a verdict for defendant. It put the ruling on the sole ground "that the evidence on part of the plaintiffs fails to show the condition that the property was in at the time of delivery to the initial carrier." Plaintiffs

1. CARRIERS: failure to show condition when delivered to carrier.

moved for a new trial. The motion asserts that several errors were committed; but, in view of the expressed ground upon which the motion to direct rests, the propriety of sustaining the motion for new trial must be tested by whether the ground upon which the motion to direct was sustained, is valid. Even as the motion for new trial went beyond that question, so do some of defendant's "Assignment of Errors." Neither will avail to enlarge the review here;

2. APPEAL AND ERROR: "brief points" as limiting scope of review. and in any view, such "assignments" do not define the scope of appellate review. That is done by the "points" provided for in the rules. We do not overlook that both appellant's abstract and argument reveal the question whether failure to give a notice required by contract was given, nor that it might be claimed that, if such was not given, it was error to grant a new trial because, though there be a new trial, plaintiff cannot win. But we are not concerned with this question, because no such "point" is made. The only proposition made in the "points" is that plaintiff was justly non-suited because he had no evidence of the condition of the hogs when delivered to the original carrier. If that contention is untenable, then the court erred in directing the verdict, and hence did not err in granting the new trial. Upon this point, the position of the appellant is well indicated by the authorities upon which it relies. First is *Swetland v. Boston & Albany R. Co.*, 102 Mass. 276, which affirms that, where a shipment of apples is made, and there is no evidence of its condition when received from a connecting railroad, except that the weather was very cold when the apples reached the connecting carrier, and that they were frozen when delivered by it, there is no evidence that the apples were not frozen before they reached the last carrier, and it is not bound to make proof that they were frozen before they reached it. This is followed by citing the holding of *Kansas Stockyards v. Couch*, 12 Kan. 612, which is

no more than a statement of the rule that ordinary presump- tions are not retrospective, and that showing the condi- tion of a thing at one time is usually no evidence of its condition at an earlier time.

There cannot well be a controversy over the abstract proposition that the plaintiff may not recover unless he shows affirmatively that the property was in good order when received by the carrier, and that there is no presump- tion the goods were in good order when received by it. See 1 Moore on Carriers (2d Ed.) 568, 573; *Winne v. Illinois Cent. R. Co.,* 31 Iowa 583; *Swiney v. American Express Co.* 144 Iowa 342. The rule is merely an application of the presumption of continuity. See *Moore v. New York, N. H. & H. R. Co.,* 173 Mass. 335 (53 N. E. 816); *Charleston & W. Car. R. Co. v. Varnville Furniture Co.,* 237 U. S. 597 (35 Sup. Ct. Rep. 715); *Bailey v. Missouri Pac. R. Co.,* 184 Mo. App. 457 (171 S. W. 44); *Silver Co. v. Wabash R. Co.,* 174 Mo. App. 184 (156 S. W. 830, at 832); *Missouri, K. & T. R. Co. v. Harris,* 234 U. S. 412 (34 Sup. Ct. Rep. 790); *Boston & M. R. Co. v. Hooker,* 233 U. S. 97 (34 Sup. Ct. Rep. 526); *Beard & Sons v. Illinois Cent. R. Co.,* 79 Iowa 518, at 523; *Chicago, R. I. & P. R. Co. v. Harrington,* 44 Okla. 41 (143 Pac. 325, at 328). The question is not whether such a rule exists, but whether it controls this appeal. In effect, it is the posi- tion of appellant that, if no more appears than an allegation that the carrier was in some manner negligent, and that the shipment was delivered in bad order, there is no case for a jury; and that, therefore, there is no case for a jury here. The flaw lies in the premise. The plaintiff does not merely charge general negligence, and rest himself upon showing delivery in bad order, but charges specifically that, after the carrier got the hogs, they were damaged by reason of negligence in leaving them out in a storm without prop- er shelter, while in the course of transportation. He fol- lows this up by showing that, upon delivery, the hogs were

in a condition from which a jury could find there had been such exposure to the storm. The rule that, when presumption alone is relied on, the delivery of the damaged goods makes no case, unless it be shown that the defendant received them when they were not damaged, certainly does not preclude the right to allege and prove that, whether the goods were in sound condition when delivered or not, something was done to them after receipt by the carrier impleaded which was calculated to damage them, and did so. Requiring the proof of good order at delivery operates, loosely speaking, to create for the last carrier a presumption that the goods were not in good order when delivered to it. Suppose it appeared affirmatively that this is so, and also that the carrier thereafter was so negligent as to enhance the defect or to create a new one. Would it be claimed that this last injury need not be compensated for because the goods were damaged when received? It seems to us the self-evident answer disposes of this appeal.

The motion to direct was grounded, among other things, upon the claim that failure to prove the condition of the hogs when shipped defeated the right of plaintiff to recover at all. The motion was sustained upon that ground. If there was any right to recover at all, the trial court erred in directing a verdict against the plaintiff. For whatever may have been the state of the hogs when received by the initial carrier, the jury could find that thereafter the defendant was negligent in its caring for them, and that this caused damages in some amount. It follows it was not error to grant plaintiff a new trial; wherefore, the judgment below must be—*Affirmed*.

PRESTON, C. J., LADD, EVANS, and GAYNOR, JJ., concur.