STATE OF IOWA, Appellee, v. C. H. HANSON, Appellant.

**PHYSICIANS AND SURGEONS:** License—Revocation—Charges. Definite charges, though informal, are all-sufficient in a proceeding to revoke the license of a physician. (Sec. 2578-a, Code Supp., 1913.)

**PHYSICIANS AND SURGEONS:** License—Revocation — Service of Notice. The requirement that, in proceedings to revoke the license of a physician, the notice of the filing of the charges shall be served "in the manner provided for the service of an original notice in a civil action" authorizes substituted service on a proper member of the defendant's family, in case he cannot be found in the county.

**PHYSICIANS AND SURGEONS:** License—Revocation—Defective Service Cured by Appearance. Any defect in the service of the notice of the filing of charges in proceedings to revoke the license of a physician is cured by the appearance of the accused. (See Book of Anno., Vol. 1, Sec. 11087, Anno. 31 *et seq.*)

**PHYSICIANS AND SURGEONS:** License—Revocation—Arbitrary Refusal of Continuance. The refusal of the board of medical examiners (Sec. 2578-a, Code Supp., 1913), in proceedings for the revocation of the license of a physician, to grant a continuance until the accused had finished serving a sentence in the penitentiary is not necessarily arbitrary.

**CONSTITUTIONAL LAW:** Due Process—Revocation of License. A physician is not denied his constitutional right to "due process" by being denied a jury trial in proceedings before the board of medical examiners to revoke his license. (Sec. 2578-a, Code Supp.,

1913.)   (See Book of Anno., Vol. 1, Const., Art. I, Sec. 9, Anno. 20 *et seq.*)

**PHYSICIANS AND SURGEONS:** License—Revocation—Proof—Sufficiency. In proceedings to revoke the license of a physician, ample proof of some of the grounds for revocation renders quite immaterial the fact that other grounds were not proved. ·

Headnote 1: 30 Cyc. p. 1557.   Headnote 2:   30 Cyc. p. 1557.   Headnote 3:   30 Cyc. p. 1557.   Headnote 4: 30 Cyc. p. 1557. · Headnote 5: 35 C. J. p. 185; 30 Cyc. p. 1557.   Headnote 6: 30 Cyc. p. 1557.

*Appeal from Wright District Court.*—SHERWOOD A. CLOCK, Judge.

MARCH 9, 1926.

PROCEEDINGS for the revocation of a physician's license to practice medicine. The charges preferred before the board of examiners were sustained, and the license revoked. This holding was affirmed on appeal to the district court.—*Affirmed.*

*F. J. Lund* and *J. W. Henneberry*, for appellant. ·

· *Ben J. Gibson*, Attorney-general, *Herbert A. Huff*, Assistant Attorney-general, and *R. D. Blue*, County Attorney, for appellee.

STEVENS, J.—The initial step in the proceedings to revoke the license of appellant to practice medicine was a resolution adopted by the Wright County Medical Society on June 26, 1924. This resolution was later filed in the office of the secretary of the   board of medical examiners, and, on the first day of August, notice of the charges therein contained was served upon · the wife of appellant at his usual place of residence in Wright County.   At this time appellant was serving a sentence pronounced against him by the United States district court in and for the northern district of Iowa, in the Federal prison at Fort Leavenworth, for the violation of what is known as the Harrison Law.   On September 11th, counsel appeared for him before the board, and filed a motion, supported by affidavit, for a continuance.   The affidavit set up that the defendant was absent

from the state, and that, by reason of his incarceration in the Federal prison, counsel was unable to make proper preparation for the hearing on the charges filed. The motion was overruled, and a trial had upon the charges contained in the resolution above referred to, and other charges filed by order of the board of medical examiners. Evidence was offered before the board to sustain the charges aforesaid, but no evidence was introduced in appellant's behalf. The board found that the charges were sustained, and permanently revoked appellant's license to practice medicine. Thereupon, an appeal was taken to the district court.

No evidence was introduced in the district court, and the proceedings therein were upon three separate motions filed by appellant. All of the motions were overruled, and the finding and order of the board of medical examiners revoking the certificate was sustained. We will dispose of the several motions in the order in which they were filed in the court below.

I. The first motion was to set aside and cancel the finding and order of the board of medical examiners and to dismiss the proceedings certified by the board to the district court upon two grounds: (a) That the board of medical examiners acted without jurisdiction; and (b) that the law relating to the revocation of certificate to practice medicine was not complied with by the board. Want of jurisdiction of the board is asserted on the following grounds: (1) That no charges were legally preferred or filed against appellant; (2) that no notice, with copy of the purported charges, was served upon appellant, as required by law; (3) that the proceedings and order of the board of medical examiners were arbitrary and without authority; (4) that appellant was deprived of a fair trial, and also of his constitutional right of due process, by the board of medical examiners.

Section 2578 of the 1913 Supplement to the Code, so far as at present material, is as follows:

"The board of medical examiners * * * shall revoke any certificate issued by it to any physician who is not of good moral character * * * or who is guilty of gross unprofessional conduct, or for incompetency, or for habitual intoxication or drug habit; * * *."

The words "gross unprofessional conduct," so far as the

charges involved in this proceeding are concerned, are defined as the "conviction of any offense involving moral turpitude."

The statute makes no specific provision as to the form of the charges to be filed before the board, but, as already appears, it does specify the precise grounds upon which a cer-

1. PHYSICIANS AND SURGEONS: license: revocation: charges. tificate may be revoked. The procedure upon the filing of charges is prescribed by Section 2578-a of the 1913 Supplement. This statute requires that a notice containing a statement of the charges and the date and place set for hearing be served personally upon the accused at least twenty days before the time fixed for such hearing. The notice served upon appellant stated that he was accused of gross moral and unprofessional conduct as a physician, and a copy of the resolutions of the Wright County Medical Society was attached thereto. The statute provides that the notice be served in the same manner as original notices for

2. PHYSICIANS AND SURGEONS: license: revocation: service of notice. the commencement of an action. One of the methods provided by statute for serving an original notice is upon a member of the defendant's family over fourteen years of age, at his usual place of residence, if such defendant is not found within the county. Section 3518, Code of 1897. The service of the notice in this case, therefore, complied with the statute. The resolutions adopted by the Wright County Medical Society charged appellant with drunkenness, inebriacy, and two convictions in the Federal court for the violation of the Harrison Law, and requested that his license to practice medicine be revoked.

The charges are specific, and give the dates on which appellant repeatedly pleaded guilty to intoxication in the mayor's court of Eagle Grove, and of his incarceration in the inebriate hospital at Knoxville, on the charge of being a dipsomaniac, inebriate, and user of drugs, and of his convictions in the Federal court. The charges filed by the state board of medical examiners were habitual intoxication and the use of narcotic

3. PHYSICIANS AND SURGEONS: license: revocation; defective service cured by appearance. drugs. The appearance of appellant, by counsel, and the filing of a motion for a continuance, waived all defects in the notice. *Hall v. Biever,* 1 Morris 113; *Paddleford v. Cook,* 74 Iowa 433; *Childs v. Limback,* 30 Iowa 398; *Andre v. City of Burlington,*

141 Iowa 65; *Chrisman v. Brandes,* 137 Iowa 433; *Ewing v. Hawkeye Oil Co.,* 187 Iowa 1037.

It may be conceded that the charges were somewhat informal in character, but they are in no sense lacking in precision and .definiteness, and we deem them, in substance, quite sufficient. They might easily have been made more formal, but the substance of all that was necessary to constitute formal charges is included therein, together with the charges filed by the board of examiners. The charges preferred by the board were not signed by the secretary, but they do appear to have been signed by the board. The record does not disclose the filing date of any of the charges referred to. The omission of the signature was not necessarily fatal. *First Nat. Bank v. Stone,* 122 Iowa 558; *Mohr v. Civil Serv. Com.,* 186 Iowa 240.

The only action of the board that could in any respect be said to have been arbitrary was its refusal to grant a continuance. The application therefor contemplated a continuance until the expiration of the period of·appellant's incarceration in the Federal prison. The refusal to continue the hearing for that length of time was not arbitrary, and no claim was made before the board that preparation could be made by counsel for the trial within a reasonable time. There is nothing in the record to indicate that the board of medical examiners acted arbitrarily or were actuated in any way by improper motives. The charges preferred were of a grave nature, and were abundantly supported by much credible testimony. Appellant's term in the penitentiary had expired at the time the cause was reached ·for hearing, and ·no continuance was asked, and a trial upon the merits was declined. ·We will discuss the challenge of the board's jurisdiction upon constitutional grounds a little later.

4. PHYSICIANS AND SURGEONS: license: revocation: arbitrary refusal of continuance.

We have already sufficiently disposed of appellant's contention that the law governing proceedings of the character here involved was not complied with, except the suggestion that the statute under which the proceedings were instituted is void for uncertainty. The suggestion is without merit, and will not be discussed.

II.  The next motion filed by counsel for appellant was to

strike from the record all of the record and documents certified to the district court by the secretary of the board, upon various grounds therein stated, most of which were, in substance, included in the prior motion. The only matter urged in this motion not covered by the preceding one was that the instruments sent up were not signed, returned, or certified, as required by law. The particular defects in the certificate are not pointed out in the motion, and an examination thereof fails to disclose any.

III. The grounds of the third motion, in substance, are that the right vested in appellant by his certificate to practice medicine is a valuable one, having the characteristics of a prop-

5. CONSTITUTIONAL LAW: due process: revocation of license.

erty right, and that he was deprived thereof without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States and Section 9, Article I, of the Constitution of the state of Iowa. The particular in which appellant contends that he was denied due process was the refusal of the court to grant him a jury trial. The delegation by the legislature to inferior tribunals of authority to revoke certificates or licenses to practice medicine has been uniformly sustained by the courts of this country, as within the police power. *Green v. Blanchard,* 138 Ark. 137 (211 S. W. 375); *Smith v. State Board of Medical Examiners,* 140 Iowa 66; *Thompson v. State Board of Medical Examiners* (Colo.), 151 Pac. 436; *Indiana Board of Pharmacy v. Haag,* 184 Ind. 333 (111 N. E. 178). The function of the board in the proceedings under the statute is ministerial or quasi judicial. *Smith v. State Board of Medical Examiners,* supra; *Traer v. State Board of Medical Examiners,* 106 Iowa 559.

No provision is made by law for a jury trial in such cases, either before the board of medical examiners or upon appeal to the district court. Due process of law requires only that the proceedings shall be uniform and regular, and that notice be given the accused, together with opportunity to be heard. *Smith v. State Board of Medical Examiners,* supra.; *Louisville & N. R. Co. v. Schmidt,* 177 U. S. 230. A jury trial is not indispensable to due process. The legislature having made no provision therefor, the motion was properly overruled.

It is further urged by appellant that the board of medical

examiners could not be both accuser and judge. The charges filed before it by the Wright County Medical Society, although informal, were sufficient to comply with the requirements of the statute, and those filed by the board were to the same effect, and were desired only to make them somewhat more formal. The evidence showed conclusively that appellant is a habitual user of narcotics and intoxicating liquors. Upon the facts shown, it is difficult to conceive how the board could have reached a contrary conclusion. He had an opportunity to be heard in the district court on the merits, but did not see fit to avail himself of it.

Counsel for appellant stresses the point that the count of the indictment charging the violation of the Harrison Law, to which he pleaded guilty in the United States district court at Ft. Dodge, did not charge moral turpitude, and

6. PHYSICIANS AND SURGEONS: license: revocation: proof: sufficiency.

that, therefore, he was not guilty of gross unprofessional conduct. The particular violation of the Harrison Law charged, to which the plea of guilty was entered, was the giving of an order for the purchase of narcotics without making or causing to be made a duplicate thereof, on a form issued in blank for such purposes by the commissioner of internal revenue. Other counts in the indictment which did charge moral turpitude were dismissed at the time the plea of guilty was entered. Whether the charges of gross unprofessional conduct based upon the proceedings in the United States court constitute moral turpitude or not, other grounds for the revocation of the certificate were fully proven. On the question of what constitutes moral turpitude, see Hildreth v. Crawford, 65 Iowa 339; Indiana Board of Pharmacy v. Haag, supra; In re Disbarment of Coffey, 123 Cal. 522 (56 Pac. 448); In re Disbarment of Hopkins, 54 Wash. 569 (103 Pac. 805); Holloway v. Holloway, 126 Ga. 459 (55 S. E. 191); Senior v. Board of Health (R. I.), 96 Atl. 340.

Although he was entitled to introduce testimony upon the hearing in the district court, and was given the opportunity to do so, he declined. The implication of appellant's unfitness and incompetency to practice medicine necessarily arising from the evidence is very strong. We are of the opinion that he had a fair trial before the board of medical examiners, and that the

order thereof was properly sustained by the district court.—
*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.