**UNION TRUST & SAVINGS BANK,**
Appellant,

v.

**STANWOOD FEED AND GRAIN, INC.,** Defendant, Clarence Cooperative Company, Intervenor, Appellees.

No. 52823.

Supreme Court of Iowa.

April 9, 1968.

**2**

Sebesta & Kuehnle, Mechanicsville, for appellant.

William B. Norton and Gary F. McClintock, Lowden, for appellees.

LeGRAND, Justice.

On October 19, 1966, summary judgment for $19,421.76 was entered in favor of plaintiff on two promissory notes of defendant, Stanwood Feed and Grain, Inc. No appeal was taken from that judgment nor is its validity questioned here. General execution issued to enforce the judgment and levy was made on Lot 7 in Block 1 of the Original Town in Stanwood, Iowa. It is this levy which triggered the events we are now called upon to review.

For reasons stated herein we find we are without jurisdiction to consider this appeal, and it must therefore be dismissed.

Although defendant is a nominal appellee, the real dispute is between plaintiff and Clarence Cooperative Company, intervenor, which claims ownership of this real estate and seeks its release from the levy made at plaintiff's direction.

After judgment was entered for plaintiff and execution issued for its enforcement, Clarence Cooperative Company, herein called intervenor, promptly filed a petition claiming absolute ownership of the real estate in Stanwood. In quick succession other pleadings raised questions of fraudulent conveyance, wrongful attachment, right to file a creditor's bill, and the effect of a prior suit upon the rights of the litigants here.

Although it might have been better practice to raise these post-judgment issues by separate action under rule 329, Rules of Civil Procedure, we have approved the method adopted here, at least when no objection is made, in Morse v. Morse, 247 Iowa 1113, 1122, 77 N.W.2d 622, 624. Further authority justifying it may be found in Glancy v. Ragsdale, 251 Iowa 793, 798, 102 N.W.2d 890, 893.

Even though the parties have become embroiled in a maze of claims and counterclaims, it is nevertheless clear the fundamental difference between them concerns plaintiff's right to satisfy its judgment out of the real estate in question.

This was presented to the trial court in several ways by intervenor's motion to dismiss plaintiff's counterclaim (including the Creditor's Bill) and motion to dissolve the writ of execution under which the disputed levy was made. These motions were sustained by order of January 20, 1967. Plaintiff seeks to nullify the effect of that order in this appeal, but we hold the method chosen to accomplish that result confers no jurisdiction upon us.

If plaintiff was entitled to any review of the trial court's order of January 20, 1967, it was by direct appeal therefrom, either under rule 331, R.C.P., as a matter of right, if such order is a final judgment, or under rule 332 with our permission, if it is interlocutory. Instead plaintiff sought to determine the matter by a motion for new trial. Under the circumstances here, we find no authority in our rules or in our decisions permitting such practice.

■ We hold plaintiff's challenge to the order of January 20, 1967, may not be raised by motion for new trial. A trial is defined in rule 176, R.C.P., as follows, "A trial is a judicial examination of issues in an action, whether of law or fact. Issues arise where a *pleading* of one party maintains a claim controverted by an adverse party.

Issues are either of law or fact. An issue of fact arises on the material allegation of fact in a *pleading* which is denied in an adversary's *pleading* or by operation of law * * *" Rule 109, R.C.P., provides, "A motion is an application made by any party or interested person for an order. It may contain several objects which grow out of, or are connected with, the action. *It is not a 'pleading'*." (Emphasis supplied.)

Clearly the determination by the trial court of the matters raised by intervenor's motion to dismiss was not a trial, since a trial is limited to issues raised by pleadings and rule 109 specifically points out a motion is not a pleading.

It follows alleged errors in such an order may not be tested by a motion for new trial. We have held many times appeal is statutory and must be taken as the rules of civil procedure provide. Harden v. Illinois Central Railroad Company, 254 Iowa 426, 118 N.W.2d 76. We have also held an appeal over which we have no jurisdiction must be dismissed even if no such objection is urged. Wilson v. Corbin, 241 Iowa 226, 40 N.W.2d 472; Forte v. Schlick, 248 Iowa 1327, 85 N.W.2d 549 and citations; Harden v. Illinois Central Railroad Company, supra.

■■ We should make it clear we place no great importance on the designation of a timely and proper objection by the wrong name. If plaintiff's appeal were otherwise consistent with the rules of civil procedure, we would not hesitate to entertain it even though it carried the wrong label. Our concern here, however, is that the time for filing notice of appeal from the trial court's order of January 20, 1967, under rule 335, R.C.P., had long passed when plaintiff filed notice of appeal on May 15, 1967. We hold the improper filing of motion for new trial cannot enlarge or extend the statutory period for taking an appeal from the order of January 20, 1967. Notice of appeal must be filed within 30 days from entry of the order appealed from. Rule 335, R.C.P. This is mandatory and jurisdictional. Volume 4, Cook's Iowa Rules of Civil Procedure, Third Edition, author's comment, page 140.

■■ We feel it necessary to mention one other matter. In the order from which plaintiff has attempted this appeal, the trial court directed that plaintiff's re-filed counterclaim be dismissed. After the order of January 20 had dismissed the counterclaim as originally filed, plaintiff re-filed it in virtually identical form. Plaintiff claims a right to do so under rule 86, R.C.P. The purpose of rule 86 was to permit the pleader to make defective pleadings adequate by amendment to comply with an order sustaining an attack thereon. It was not intended to encourage counsel to match his will against the trial court's. The way to determine who was right was by timely appeal from the erroneous order. Plaintiff did not do so; it cannot raise that issue now.

If any of the matters plaintiff seeks to determine here may properly be raised by way of answer to the petition of intervention still pending in the district court, nothing we have said here is intended to prevent plaintiff from availing itself of such defenses. Our opinion is based on fatal procedural defects only.

■ Because of plaintiff's failure to file notice of appeal within 30 days from the entry of the order of January 20, 1967, we have no jurisdiction over this appeal and it is accordingly dismissed.

Appeal dismissed.

All Justices concur.