Joan C. ROTHE et al., Appellant,

v.

The CITY OF DES MOINES, Iowa, et al., Appellees.

No. 2–57473.

Supreme Court of Iowa.

Jan. 19, 1977.

Whitfield, Musgrave, Selvey, Kelly & Eddy, Des Moines, for appellant.

James M. Sullivan, Des Moines, for appellees.

Heard before MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

This appeal presents the question of whether an Iowa district judge possessed jurisdiction over this controversy. The trial court held it was without jurisdiction and sustained a special appearance. We reverse the trial court and remand for further proceedings.

Section 753.13, The Code, 1973, directed the commissioner of public safety to adopt a uniform, combined traffic citation and complaint. The section required the inclusion of certain specified items. Subsequent to July 1, 1973, the effective date of § 753.13, Joan C. Rothe (plaintiff) was charged with a traffic violation. In connection with that charge she was issued charging papers she now claims were outdated and invalid by reason of their failure to comply with the requirements of § 753.13. Unaware of the changed legal requirements in connection with the charging papers plaintiff entered a plea of guilty to the violation. She paid a $25 fine and $5 court costs.

Plaintiff thereafter brought this action in behalf of herself and purported to represent other persons similarly situated. This is an equitable action in which plaintiff seeks (1) a declaration that all convictions arising from the outdated charging papers be declared invalid and expunged from the records, and (2) refunds of all fines paid in cases instituted with the outdated papers.

I. Having been served an original notice defendant city of Des Moines filed what was denominated a special appearance challenging the jurisdiction of the trial court to entertain the petition. The parties are at odds on the question of whether the "special appearance" amounted to a responsive pleading and thereby became a general appearance. We do not believe it matters whether or not defendant has made a general appearance; in personam jurisdiction existed with or without it. In personam jurisdiction was obtained over defendant with the service of original notice. See *Lonning v. Lonning*, 199 N.W.2d 60, 62 (Iowa 1972); *Boyer v. High School Athletic Association*, 258 Iowa 285, 138 N.W.2d 914 (1965); *Emery Transportation Company v. Baker*, 257 Iowa 1260, 136 N.W.2d 529 (1965).

Iowa allows the use of a special appearance to challenge not only in personam jurisdiction but also subject matter jurisdiction. *In re Community School District of Farragut*, 250 Iowa 1324, 1327, 98 N.W.2d 888, 890 (1959). However even under this rule a special appearance remains inappropriate to raise defensive matters or to serve any purpose beyond challenging the jurisdiction of the court. See *Boye v. Mellerup*, 229 N.W.2d 719, 721 (Iowa 1975). Defendant then has adequately challenged the trial court's subject matter jurisdiction but nothing else.

Significantly plaintiff seeks declaratory relief under rule 261, Rules of Civil Procedure, as well as money damages. Under the unified trial court act a district judge has jurisdiction to consider and determine the petition for declaratory relief.

In summary it is clear the trial court had both in personam jurisdiction over defendants and subject matter jurisdiction. The special appearance was appropriate to consider nothing further.

II. Upon remand the trial court should consider the merits of the petition for declaratory relief. If it determines such relief is appropriate it should also consider the merits of plaintiff's claim for refund and the matters regarding the class action. We intimate no opinion as to how these determinations should be made but hold the trial court erred in sustaining the special appearance which prevented their submission and determination below.

REVERSED AND REMANDED.