**J. Allen ORR, Appellant,**

v.

**IOWA PUBLIC SERVICE COMPANY, Appellee.**

**No. 62155.**

Supreme Court of Iowa.

April 25, 1979.

Paul B. Rosene and J. Allen Orr, Sioux City, for appellant.

Daniel T. Cutler, of Stewart, Hatfield, Klass & Whicher, Sioux City, for appellee.

McCORMICK, Justice.

We must sustain defendant's motion to dismiss this appeal because it was taken too late.

Plaintiff J. Allen Orr brought this action to collect damages to his farming operations allegedly caused by activities of defendant Iowa Public Service Company. Defendant filed a motion for summary judgment.

April 13, 1978, the trial court sustained the motion for summary judgment and entered judgment dismissing the case at plaintiff's costs.

April 18, 1978, the trial court *sua sponte* enlarged its ruling by adding a finding to its April 13 ruling.

April 20, 1978, plaintiff filed a "Motion for Re-Hearing and New Trial," alleging mistakes of fact and law in the April 13 ruling and requesting a rehearing.

May 26, 1978, the motion for rehearing and new trial was overruled.

June 22, 1978, plaintiff filed notice of appeal, purporting to appeal from the "final judgment and decision in this cause entered on the 26th day of May, 1978."

Defendant filed a motion to dismiss the appeal on the ground of absence of jurisdiction because the notice of appeal was filed more than thirty days after the final judgment entered on April 13, 1978. We ordered this motion submitted with the appeal.

Under Iowa R.App.P. 5(a), appeals must be taken within, and not after, thirty days from final judgment, "unless a motion for new trial or judgment notwithstanding the verdict as provided in rule 247, Rules of Civil Procedure, or a motion as provided in rule 179(b), Rules of Civil Procedure, is filed, and then within thirty days after the entry of the ruling on such motion."

Although plaintiff contends otherwise, the April 13, 1978, ruling on defendant's motion for summary judgment was a final judgment. *See Flynn v. Lucas County Memorial Hospital*, 203 N.W.2d 613, 614 (Iowa 1973). It was an adjudication of the merits of plaintiff's case. Therefore plaintiff's appeal had to be taken within thirty days of its date unless the time was extended by the filing of a motion as provided in Iowa R.App.P. 5(a).

In *Union Trust & Savings Bank v. Stanwood Feed & Grain, Inc.*, 158 N.W.2d 1 (Iowa 1968), this court held the filing of a motion will not extend the time for appealing a final judgment unless the motion is an authorized means of challenging the particular judgment. In *Union Trust*, the court held an order sustaining a motion to dismiss may not be challenged by a motion for new trial since a proceeding on a motion to dismiss is not a trial. Because the appeal was not taken within thirty days of the dismissal order, the case was dismissed for want of jurisdiction.

More recently, in *City of Eldridge v. Caterpillar Tractor Co.*, 270 N.W.2d 637 (Iowa 1978), we held that a motion under Iowa R.Civ.P. 179(b) is not an authorized method for challenging summary judgment. This was based on language in 179(a) limiting application of the rule to cases tried to the court upon their facts. The court held that a summary judgment proceeding is not such an event. We dismissed the appeal because the appeal was taken more than thirty days after summary judgment was entered.

The issue on defendant's motion to dismiss the present appeal is whether a motion for rehearing or new trial is a cognizable means for attacking summary judgment.

Under *City of Eldridge*, a summary judgment proceeding is not a trial of facts without a jury. We have held that a summary judgment proceeding is a means of avoiding a trial. *See Gruener v. City of Cedar Falls*, 189 N.W.2d 577, 580 (Iowa 1971); *Bauer v. Stern Finance Company*, 169 N.W.2d 850, 853 (Iowa 1969), *cert. denied*, 396 U.S. 1008, 90 S.Ct. 565, 24 L.Ed.2d 500 (1970) ("A party with a just cause should be able to obtain judgment promptly and without the delay and expense of a trial, where there is no genuine fact issue to be decided."). A trial is necessary only when the case is not fully adjudicated on the motion. Iowa R.Civ.P. 237(d).

Iowa R.Civ.P. 176 provides that, "A trial is a judicial examination of issues in an action, whether of law or fact." However, a trial, even as so defined, does not occur when the case is disposed of through summary judgment. A trial is one kind of judicial examination of issues in an action, but it is not the only kind. Motions under Iowa R.Civ.P. 104(b), 105, and 222, like motions for summary judgment, may result in rulings disposing of a case without trial. Proceedings on these motions are not trials under rule 176 but are preliminary and alternative methods to obtain judicial determination of actions. A trial within the meaning of rule 176 is a hearing on the merits of the controversy after the opportunity for such preliminary proceedings has passed.

When no trial has been held, a motion for new trial is inapposite. *See* Iowa R.Civ.P. 242. Therefore plaintiff's motion did not extend the time for appeal insofar as it constituted a motion for new trial. Of course, although the motion was also called a motion for rehearing, such a motion is not separately provided for in the rules.

Plaintiff's position is not assisted by examining the motion without regard to its label. *See Union Trust & Savings Bank v. Stanwood Feed & Grain, Inc.,* 158 N.W.2d at 3. It cannot pass the test for use as a rule 179(b) motion under *City of Eldridge,* and it is not a rule 247 motion.

Therefore the motion did not extend the time for appealing the summary judgment. Under Iowa R.App.P. 5(a), the appeal was taken too late and we lack jurisdiction.

APPEAL DISMISSED.

All Justices concur except HARRIS and LARSON, JJ., who dissent.

HARRIS, Justice (dissenting).

I respectfully dissent because I believe a summary judgment proceeding is a trial under Iowa R.Civ.P. 176. Accordingly, I would hold this was a timely appeal.

LARSON, J., joins in this dissent.