In the Matter of the ESTATE of
Dorothy E. DULL, Deceased.

Beverly MARTINS, Appellant,

v.

Sharon L. DULL, Coexecutor of the
Estate of Dorothy Dull,
Deceased, Appellee.

No. 64182.

Supreme Court of Iowa.

March 18, 1981.

Robert L. Day, Jr., Dubuque, for appellant.

Charles H. Jacobs of Hughes & Trannel, Dubuque, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McGIVERIN, LARSON, and SCHULTZ, JJ.

SCHULTZ, Justice.

This appeal presents three questions concerning a special appearance: (1) Is a motion for a new trial a proper method to challenge a ruling on a special appearance? (2) Does an improperly signed petition deprive the trial court of subject matter jurisdiction? (3) Does filing a special appearance solely for the purpose of preventing the entry of a default judgment convert the proceeding into a general appearance?

Beverly Martins, the appellant, brought an action against Eldon D. Dull and Sharon L. Dull in their capacity as executors of the estate of Dorothy E. Dull, deceased, contesting the deceased's last will and testament. The trial court sustained a special appearance filed by Sharon Dull, coexecutor and the appellee, on the ground that Martins's petition was improperly signed. The coexecutor has filed a motion to dismiss this appeal, claiming that we lack jurisdiction to entertain it because it is untimely. We determine that we have jurisdiction, and that the special appearance should have been overruled.

Dorothy E. Dull died in November 1978, and thereafter her will was admitted to probate. Eldon D. Dull and Sharon L. Dull, coexecutors under the will, published notice of probate of the will and appointment of executors. The second publication occurred on December 11, 1978. The last day to file a will contest under the provisions of section 633.309, The Code 1979, was therefore June 11, 1979. On that date a petition to set aside the will of decedent was filed in district court by attorney Joseph J. Bitter on behalf of Beverly Martins. The petition named the coexecutors as defendants; however, only defendant Sharon Dull was personally served with an original notice and a copy of the petition. She promptly filed a special appearance challenging the jurisdiction of the court. A motion was also filed by John Arenz, attorney for the estate of Dorothy E. Dull, requesting a court order

allowing the cost of defending the suit to set aside the will to be paid by the estate. This motion was subsequently resisted by Martins.

The special appearance and the motion filed by Arenz were set for hearing by the court, heard on July 20, and an order sustaining the special appearance was issued on July 23. In a separate order the district court found just cause to exist for the executors to defend the will at the expense of the estate. On August 2 Martins, through new counsel, filed a motion for a new trial on each ruling. After a hearing both motions were overruled by the district court on September 14.

In ruling on the special appearance the district court took judicial notice that at the time of the filing of the petition and notice attorney Joseph J. Bitter was suspended from the practice of law and was not authorized to act in the capacity of an attorney. In ruling on the motion for new trial the court elaborated that Martins had not signed the petition, and Bitter's signature was tantamount to no signature. The court also determined that a motion for a new trial did not lie from the ruling sustaining the special appearance.

The jurisdictional issue presented by the motion to dismiss this appeal requires us to determine whether the motion for a new trial was a proper method of seeking reconsideration of the ruling on the special appearance, thus extending the time to appeal. If the appeal was timely, we must then determine whether the trial court had subject matter jurisdiction and personal jurisdiction over the coexecutor.

■ I. *Jurisdiction of the appeal.* Appeals to the supreme court must be taken within thirty days from the entry of an order, judgment, or decree unless certain posttrial motions are filed, as provided in Iowa R.Civ.P. 179(b) and 247, and then within thirty days after the entry of the ruling on such motions. Iowa R.App.P. 5. Martins filed notice of appeal within thirty days from the date of the ruling on the motion for new trial, but beyond thirty days from the ruling on the special appearance.

It is well settled that a proper motion for a new trial extends the time for appeal. *Fanning v. Mapco, Inc.*, 181 N.W.2d 190, 192 (Iowa 1970). However, an improperly filed motion for new trial cannot enlarge or extend the statutory period for taking an appeal. *Union Trust & Savings Bank v. Stanwood Feed and Grain, Inc.*, 158 N.W.2d 1, 3 (Iowa 1968). The timeliness of Martins's appeal is therefore dependent upon the propriety of her motion for a new trial.

The trial court, in ruling on the motion for new trial, stated that such a motion did not lie from a special appearance. Iowa R.Civ.P. 176 provides: "A trial is a judicial examination of issues in an action, whether of law or fact." In *Orr v. Iowa Public Service Co.*, 277 N.W.2d 899, 901 (Iowa 1979), we stated that "[a] trial within the meaning of rule 176 is a hearing on the merits of the controversy after the opportunity for . . . preliminary proceedings has passed. When no trial has been held, a motion for new trial is inapposite." *Orr* dealt with particular preliminary proceedings—summary judgment, judgment on the pleadings, motion to dismiss, and separate adjudication of law points—however; it did not address the issue of whether a special appearance, which is a special proceeding, is a trial or an alternative to trial. We need not decide that question here, because we look to the substance of a motion and not its name. *Kagin's Numismatic Auctions, Inc. v. Criswell*, 284 N.W.2d 224, 226 (Iowa 1979). In so doing we find the motion should have been treated as an Iowa R.Civ.P. 179(b) motion.

■ Rule 179 authorizes a motion to enlarge or amend the trial court's findings of fact and conclusions of law when the court "is trying an issue of fact without a jury." In *Kagin's* we resolved an issue very similar to the one presently before the court:

The question therefore is whether a court tries an issue of fact without a jury in a special appearance proceeding.

We think it does. The hearing and disposition of a special appearance is a special proceeding; upon the materials

and any testimony presented, the trial court finds the facts, draws conclusions of law, and enters its decision. *See, e. g., DeCook v. Environmental Security Corp.,* 258 N.W.2d 721, 724 (Iowa 1977); *Rath Packing Co. v. Intercontinental Meat Traders, Inc.,* 181 N.W.2d 184, 185–87 (Iowa 1970). We believe that a special appearance proceeding comes within the purview of rule 179. While the facts in this case are not controverted, the district court nonetheless had to find the facts. We thus conclude that Kagin's motion to reconsider was a motion within the meaning of rule 179, and that time for appeal ran from the ruling on that motion. The appeal was timely and we have jurisdiction of the appeal.

284 N.W.2d at 226. Martins's motion for a new trial was in substance a motion requesting the trial court to reconsider and amend its ruling on the special appearance. The motion alleged both errors of law and fact and requested the trial court to rescind its prior ruling. In addition, in ruling on the motion for new trial, the court, after stating that such a motion does not lie from a ruling on a special appearance, in effect enlarged the findings contained in its ruling on the special appearance. We conclude that the motion for a new trial was in substance a motion within the meaning of rule 179(b). Hence, the appeal was timely, and we possess jurisdiction of the appeal.

II. *The special appearance.* The problem of jurisdiction was raised at the district court level by the special appearance of Sharon Dull. The trial court sustained the special appearance on the ground that the petition did not contain Martins's signature or address. Although it was signed by Joseph J. Bitter as attorney for Martins, the district court took judicial notice of the fact that Bitter had been suspended from the practice of law by this court and was not authorized to act in the capacity of an attorney at the time the petition was filed.

Martins contends the trial court erred in sustaining the special appearance. She claims that no evidence was given to support the special appearance, as the court should not have taken judicial notice of the suspension of Bitter's license. We find no prejudice, as an unsigned petition does not deprive the court of subject matter jurisdiction. Martins further contends that Dull converted her special appearance into a general appearance by requesting additional relief. We agree.

The special appearance did not, either on its face or by attached affidavits or exhibits, contain any allegations attacking the trial court's jurisdiction. The special appearance simply stated: "Comes now Sharon Dull, coexecutor and pursuant to the Iowa Rules of Civil Procedure, enters her Special Appearance herein." On July 20, 1979, at the hearing on the special appearance, the following colloquy took place between the court and the attorney representing Dull:

MR. JACOBS: My name is Charles H. Jacobs, and I'm appearing for Sharon Dull, individually and as Co-Executor of the Estate of Dorothy Dull.

THE COURT: Very well. It's your special appearance, Mr. Jacobs.

MR. JACOBS: As Your Honor may know, the problem of the Petition to set aside the will created a question of who was going to defend this lawsuit, and also who was going to bear the financial expense of the lawsuit and the defense. *The purpose of the special appearance is to prevent a default from being entered against Sharon Dull* as the Co-Executor of the Estate. And I should add, she was the only one that has been personally served with the Petition, pending the resolution of the application filed by Mr. Arenz in this case.

With respect to the purpose of the special appearance, *the only purpose at this point would be to prevent the entry of a default* so that the Court might entertain Mr. Arenz motion.

THE COURT: Is there any intent in the special appearance to raise any question regarding the status of Mr. Bitter at the time of the filing of the Petition?

MR. JACOBS: Your Honor, the question was discussed by both Mr. Arenz and

myself. I am aware that I believe on June the 8th, if I recall correctly, the Supreme Court entered its final decision in the suspension of Mr. Bitter. This Petition was filed on June 11th, and it is signed by Mr. Bitter. I am not quite sure whether or not the—I have not discussed this case with Mr. Bitter and he has not attempted to discuss it with me. I would only point out that in the event, as I understand the rulings of the Court to be, that suspension is of immediate effect, then it is apparent that Mr. Bitter was not an attorney in good standing at the time of the filing of this Petition.

There is a question as to whether or not anyone who is not an attorney in good standing is allowed to file pleadings, and whether or not these pleadings are affected in any way by Mr. Bitter's suspension. I was reluctant to raise that issue by special appearance, primarily for the reason that I think other subsequent motions might suffice to address that issue, and they will be directed to the Court.

THE COURT: Very well. So, it's not in what you are presenting at this time?

MR. JACOBS: That's correct. Although I have considered it.

(emphasis added). Despite the clear indication by Dull's counsel that the coexecutor was not relying on the issue raised by Bitter's signature, the court sustained the special appearance on that ground.

■ A district court must ascertain whether it possesses jurisdiction of the subject matter of the controversy at issue. Thus, it was proper for the district court to review the subject matter jurisdiction problem. Jurisdiction of the subject matter, which is the power to hear and determine cases of the general class to which a particular proceeding belongs, may be raised at any time. *Green v. Sherman*, 173 N.W.2d 843, 846 (Iowa 1970). Unlike jurisdiction of the person, it cannot be waived or vested by consent, *Stuart v. State ex rel. Jannings*, 253 N.W.2d 910, 914 (Iowa 1977); and it cannot be conferred on the court by an act of the parties or by the procedures they

employ, *State ex rel. Iowa State Highway Commission v. Read*, 228 N.W.2d 199, 202 (Iowa 1975).

■■ Iowa R.Civ.P. 78 provides that every pleading "shall bear the signature and address of the party or attorney filing it." We believe the language of rule 78 is merely directory and did not deprive the trial court of subject matter jurisdiction. In *First National Bank v. Stone*, 122 Iowa 558, 560–61, 98 N.W. 362, 363 (1904), in which an attorney failed to sign a petition, we distinguished an unsigned notice, which presents a problem of jurisdiction of the person, from an unsigned pleading, which is a non-jurisdictional matter:

While the provision of the statute that the pleading "must be subscribed" is imperative in form, the use of these words does not necessarily mean in all cases that failure to observe their requirement makes the paper bearing this defect an absolute nullity. When such a provision has reference to some jurisdictional act, document, or process, it may well be, and usually is, held that such defect is fatal. Such, for instance, has been our decision as to an unsigned notice in *Hoitt v. Skinner*, 99 Iowa, 360 [68 N.W. 788], and, as to a notice of appeal to this court, in *Doerr v. Life Ass'n*, 92 Iowa, 39 [60 N.W. 225], and *Bank v. Radcliffe*, 111 Iowa, 662 [82 N.W. 1011]. But in matters which are nonjurisdictional such strictness of interpretation is rarely indulged in. For instance, the provision that a pleading "must" be subscribed is no more mandatory in form than that other provision (Code, section 3559) that a petition "must" be entitled with the names of the parties plaintiff and defendant, followed by the words "Petition at Law," or "Petition in Equity;" yet this court has held that an entire omission of these matters—the petition being simply addressed, "To the Judge of the District Court of Polk County"—is, at most, a merely formal defect, which will not justify a dismissal of the action.... The filing of a petition that is merely defective in some matter of form, or even of substance, so

long as its purpose and intent are indicated with reasonable certainty, and the other party is not misled into a belief that the action is abandoned, should not be a cause for sending the plaintiff out of court; nor has the Legislature, by this provision, expressed any such intention. *See also City of Clinton v. Owners of the Property Situated Within Certain Described Boundaries,* 191 N.W.2d 671, 677 (Iowa 1971); *State v. Hanson,* 201 Iowa 579, 582–83, 207 N.W. 769, 771 (1926); *Wise v. Outtrim,* 139 Iowa 192, 199, 117 N.W. 264, 266–67 (1908); *Guest v. Byington,* 14 Iowa 30, 31 (1862). Thus, we conclude that subject matter jurisdiction is not dependent upon the sufficiency of the signature on the petition. The district court therefore had subject matter jurisdiction, and the coexecutor's claim of lack of jurisdiction depends on whether the suspended attorney's signature deprived the trial court of personal jurisdiction over the coexecutor.

Martins claims that the coexecutor, by stating that her sole purpose in filing the special appearance was to prevent the entry of a default judgment, transformed her special appearance into a general appearance. It is well settled that the sole purpose of a special appearance proceeding is to challenge the court's jurisdiction. If the appearing party requests relief or discloses a purpose that goes beyond challenging the jurisdiction of the court over the subject matter or the parties, the appearance will be considered general, and all jurisdictional challenges will be deemed waived. *Collins v. Powell,* 224 Iowa 1015, 1023, 277 N.W. 477, 482–83 (1938); *see Rothe v. City of Des Moines,* 249 N.W.2d 849, 850 (Iowa 1977); *Rowen v. LeMars Mutual Insurance Co.,* 230 N.W.2d 905, 912–13 (Iowa 1975); *George v. Gander,* 261 Iowa 275, 279, 154 N.W. 76, 79 (1967). In determining whether a given appearance is special or general we look to the substance of the appearance rather than its form and base our determination upon the purpose of the appearance and the type of relief requested. *Johannsen v. Mid-Continent Petroleum Corp.,* 227 Iowa 712, 718, 288 N.W. 911, 915 (1939).

The coexecutor did not specify any grounds for the special appearance until the hearing thereon when her counsel stated that she was attempting to prevent the entry of a default judgment. Thus, in essence, the coexecutor's appearance was nothing more than a motion for time to plead. As such, it constituted a general appearance, and any defects in the original notice served on the coexecutor that may have been caused by Mr. Bitter's signature on the petition were waived. *See Thorp Credit, Inc. v. Barr,* 200 N.W.2d 535, 536 (Iowa 1972), *cert. dismissed,* 410 U.S. 919, 93 S.Ct. 978, 35 L.Ed.2d 581 (1973).

III. *The order authorizing the coexecutors to defend the will at the expense of the estate.* Although Martins's notice of appeal states that she also appeals from the trial court's ruling allowing the coexecutors to defend the will at the estate's expense, this assignment of error was neither briefed nor argued. The scope of appellate review is defined by the issues raised by the parties' briefs, in accordance with our rules of appellate procedure, and not by assignment of error. *See McNamara v. Chicago, Rock Island, & Pacific Railway,* 183 Iowa 577, 578, 165 N.W. 1008, 1008–09 (1918). The failure of a party in his or her "brief to state, to argue or to cite authority in support of an issue may be deemed waiver of that issue." Iowa R.App.P. 14(a)(3). Since Martins did not raise the issue of who should bear the cost of defending the will in her brief, we deem the issue waived.

The order of the trial court sustaining appellee's special appearance is reversed.

REVERSED AND REMANDED.

All Justices concur except McGIVERIN, J., who concurs specially.

McGIVERIN, Justice (concurring specially).

I concur in the result of reversal and remand.

However, I believe the special appearance by the coexecutor, Sharon Dull, should have

been overruled by the trial court because the special appearance did not state any grounds therefor as required by Iowa R.Civ.P. 66.

Accordingly, it would be unnecessary to reach the other matters discussed in division II of the majority opinion.