DECATUR–MOLINE CORPORATION,
d/b/a Snelling and Snelling,
Appellant,

v.

Donna M. BLINK, Appellee.

DECATUR–MOLINE CORPORATION,
d/b/a Snelling and Snelling,
Appellant,

v.

Karen Ann McKIRCHY, Appellee.

No. 62541.

Supreme Court of Iowa.

Sept. 19, 1979.

Arthur L. Buzzell, of Newport, Buzzell & Fortini, Davenport, for appellant.

Edward N. Wehr, of Wehr & DeLange, Davenport, for appellees.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, ALLBEE, and LARSON, JJ.

LARSON, Justice.

Plaintiff appeals and defendants cross-appeal from the trial court's denial of new trial motions filed by all parties following the first segment of a bifurcated action to enforce covenants not to compete contained in employment contracts. We dismiss the appeal for lack of appellate jurisdiction.

Decatur-Moline filed separate petitions in district court seeking damages and injunctions against the defendants for alleged violations of covenants not to compete contained in their employment contracts with plaintiff. The district court consolidated the cases for trial. The defendants sought an order of the district court bifurcating the trial into liability and damage stages. One reason for this request was to "conserve judicial time." Another reason was based upon the fact that the liquidated damage provisions of the covenants were based upon defendants' net business income during their period of alleged competition. Thus, a determination of damages would require disclosure of customer lists and other confidential information. By limiting the first stage to a determination of the enforceability of the covenants, defendants hoped to avoid such disclosure. There was no order entered on the motion, except one providing that the trial court would rule on it. No resistance to the bifurcated trial application appears. It is clear the matter proceeded only on the issue of liability from the trial court's statement in its findings and conclusions that "[b]y agreement the actions were bifurcated and this hearing was to determine the enforceability of the restrictive covenants in the employment agreements."

The court granted injunctive relief in the Blink case but denied damages "except as an offset against her counterclaim [for amounts allegedly due from plaintiff], if and when tried to a jury." It denied an injunction in the McKirchy case, but concluded she must pay damages to plaintiff in an amount to be determined later.

The trial court, after announcing these findings and conclusions, entered the following order:

1. That final determination of damages in the counterclaim in Case No. 57395 and the offset of actual damages shall be tried by a jury prior to December 31, 1978, or the case shall be dismissed by the clerk without further order of this court.

2. That actual damages, if any, in Case No. 57397 sustained by plaintiff as a result of the defendant's violation of the restrictive covenant shall be determined in a trial to the court prior to December 31, 1978. If not tried by December 31, 1978 the case shall be dismissed by the clerk without further order of this court.

All parties filed motions for new trial. Upon their denial, plaintiff appealed in both cases and defendants cross-appealed.

The threshold consideration in any appeal is that of jurisdiction. We will address that matter, even though not raised by the parties. *Qualley v. Chrysler Credit*

*Corp.*, 261 N.W.2d 466, 468 (Iowa 1978). The jurisdictional issue involved is the finality of the orders appealed from. Attorneys for the parties were notified in advance of oral argument of the apparent jurisdictional problems and were given an opportunity to respond. They jointly request that we hear and determine the appeal for several reasons. They contend the provision requiring trial of the remaining issues by December 31, 1978, or their dismissal, makes the order final because mere passage of time would end the proceedings. The defect in this reasoning, however, is that the order must be final when the appeal is taken. Iowa R.App.P. 1. It is not sufficient that it might be final at some future time. In any event, there is nothing in the record to show the case was terminated pursuant to the try-or-dismiss order. In fact, the contrary appears: the parties stipulated for a continuance past December 31, 1978, and this was presumably done.

■ We are further urged to hear this appeal on the basis that "[s]ince the main issue [at the second segment of the trial] will be whether the Trial Court's Decree fixing 'actual' damages is the only recoverable damages, it seems appropriate for the Appellate Court to rule on that issue prior to the trial of the damage suit itself—even without an interlocutory order." Even conceding the "appropriateness" of this procedure, our appellate rules are clear—we cannot entertain an interlocutory appeal without an application and order permitting it. Iowa R.App.P. 2. We have neither in this case. The right of appeal is purely statutory; we cannot in effect enact new appellate rules by extending them beyond their clearly defined limitations. *See Helland v. Yellow Freight System, Inc.*, 204 N.W.2d 601, 604 (Iowa 1973).

■ Because issues remained to be tried following the filing of the trial court's order, namely determination of damages in the employer's claim against defendant McKirchy and in defendant Blink's counterclaim against the plaintiff, the rights of the parties have not been fully determined. This situation is analogous to the cases involving dismissal of only part of a petition. Such a partial dismissal is an interlocutory order and is not appealable. *See Shoemaker v. City of Muscatine*, 275 N.W.2d 206, 208 (Iowa 1979); *Bigelow v. Williams*, 193 N.W.2d 521, 522–23 (Iowa 1972).

■ The trial court's order here was clearly interlocutory. However, the appeals and cross-appeals were not directly from that order, but rather from the subsequent order denying a new trial. Iowa R.App.P. 1 provides, in part, that

> [f]or the purpose of this rule [requiring finality] any order granting a new trial . . . and any order denying a new trial shall be deemed a final decision.

This language seemingly presents the possibility that an order, otherwise not final and therefore not appealable, may in effect still be appealed merely by filing a new trial motion and appealing from its ruling.

Despite the language of Iowa R.App.P. 1 which appears to make "any" order on a new trial motion a final order for appeal purposes, we do not so interpret it. To give that language of the rule a literal interpretation would conflict with the clear import of our appellate rules and would vitiate our strong policy against piecemeal appeals reaffirmed in *Shoemaker*, 275 N.W.2d at 208–09. Further, we have consistently looked behind the form of motions to determine whether subsequent appeals are properly before us. For example, in *Orr v. Iowa Public Service Co.*, 277 N.W.2d 899, 901 (Iowa 1979), this court held that the trial court's entry of summary judgment and not its later ruling on a new trial motion started the appeal time running because "[w]hen no trial has been held, a motion for new trial is inapposite." Similarly, in *City of Eldridge v. Caterpillar Tractor Co.*, 270 N.W.2d 637, 641 (Iowa 1978), we held a motion under Iowa R.Civ.P. 179(b) for enlarged or amended findings and conclusions did not extend the time for appeal despite the wording of Iowa R.App.P. 5(a) which appears to provide for it. The reasoning of *Eldridge* was similar to *Orr's*: a rule 179(b) motion is not a proper means of attacking a summary judgment. *See also Union Trust*

*& Savings Bank v. Stanwood Feed & Grain, Inc.*, 158 N.W.2d 1, 3 (Iowa 1968), in which we held a motion for new trial was not appropriate to test a ruling on a motion to dismiss because there had been no "trial." The appeal time was held to run from the filing of the original order of dismissal, not from the ruling on the new trial motion.

■ Here we conclude a new trial motion cannot provide the necessary element of finality to an otherwise interlocutory order or decision. In an appeal from a ruling on a motion for new trial, the "trial" must have been a completed one. This is consistent with the general rule that "before a new trial or a rehearing can be granted, there must have been a trial; a new trial recognizes a *completed* trial which for sufficient reason has been set aside so that the issues may be litigated de novo." *Dragstra v. Northwestern State Bank*, 192 N.W.2d 786, 792 (Iowa 1971) (emphasis added), quoting from 66 C.J.S. *New Trial* § 3e, at 69 (1950). It is also consistent with our general view that partial new trials are not favored. *See, e. g., Larimer v. Platte*, 243 Iowa 1167, 1176, 53 N.W.2d 262, 267 (1952); *Keller v. Gartin*, 220 Iowa 78, 86, 261 N.W. 776, 780 (1935).

No Iowa cases have been found directly on point. However, a very similar issue was presented in a North Dakota case, *Anderson v. Bothum*, 77 N.D. 678, 45 N.W.2d 488 (1950). There an action was brought to terminate and dissolve a partnership and for an accounting. The trial court entered an order for dissolution and directed the appointment of a receiver. This order was interlocutory and was so designated by the trial court. Defendant filed a motion for new trial which was denied. He then sought to appeal from the denial of that motion and from the original order. Although not set out in the *Anderson* opinion, North Dakota's appellate rules in effect at that time provided, as does ours, that a ruling on a new trial motion was an appealable order. N.D.Rev.Code § 28–2702 (1943). Notwithstanding that provision, the North Dakota court held the ruling on the new trial motion was not appealable under those circumstances. After noting the interlocutory nature of the original order, the court observed:

> But the appeal here is not only from the judgment. The defendant moved for a new trial. This motion was denied and the appeal was also taken from the order denying the motion. The statute, Section 28–1901, RC 1943, defines a new trial as "[A] reexamination of an issue of fact in the same court, after a trial and decision by a jury or court or by a referee." Here the words "after a trial and decision by a court" must mean a decision after the case is concluded. Every ruling by a judge during the course of a trial in a sense evidences a decision. And certainly the legislature did not intend that after every ruling by a judge in the course of a trial, the party affected adversely by the ruling might move for a new trial. The decision in the instant case was not final, but was interlocutory. No final judgment was to be entered until after the referee had filed his report and the court had heard and considered the same after notice to the parties. Therefore, the motion was premature, there having been no final decision.

77 N.D. at 683–84, 45 N.W.2d at 491.

■ The order of the trial court was interlocutory. The motions for new trial were not appropriate under these circumstances and could therefore not provide the element of finality required for appeal.

APPEALS and CROSS–APPEALS DISMISSED.