In the Matter of the ESTATE OF Larry A. TROESTER, Deceased.

**DUBUQUE COUNTY, Iowa; Medical Associates; and Sisters of Mercy Health Corporation; Appellants,**

v.

**Bernice TROESTER, as reappointed Administrator of Estate; Larry A. Troester, Jr. and Dennis L. Troester; Appellees.**

No. 67796.

Supreme Court of Iowa.

March 16, 1983.

Alfred E. Hughes of Hughes, Trannel & Jacobs, Dubuque, for appellant Sisters of Mercy Health Corp.

Michael J. Coyle of Fuerste, Carew, Coyle, Jeurgens & Sudmeier, P.C., Dubuque, for appellant Dubuque County, Iowa.

Richard K. Whitty of O'Connor, Thomas, Hammer, Bertsch & Norby, Dubuque, for appellant Medical Associates.

Joseph P. Zwack of Zwack, Neuwoehner & Keuter, Dubuque, for appellees Larry A. Troester, Jr. and Dennis L. Troester.

Dennis E. Roberson, Maquoketa, for appellee Bernice Troester, Administrator of Estate of Larry A. Troester.

Considered by REYNOLDSON, C.J., and UHLENHOPP, LARSON, SCHULTZ, and CARTER, JJ.

SCHULTZ, Justice.

This appeal presents the issue whether defendants in a wrongful death action have an interest in decedent's estate which entitles them to participate in the probate proceedings when there is an application to set aside and expunge an order closing the estate. Additionally, we must determine our jurisdiction to hear the appeal. We hold that we have authority to hear the appeal; however, we further determine that our recent holding in *Troester v. Sisters of Mercy Health Corp.*, 328 N.W.2d 308 (Iowa 1982), deprives the appellants of any present interest in the estate proceedings and makes the appeal moot. We affirm.

Larry A. Troester died intestate and was survived by his wife, Bernice Troester, and two sons, Larry A. Troester, Jr., and Dennis L. Troester. Bernice served as administrator of her deceased husband's estate. She commenced an action for wrongful death against Sisters of Mercy Health Corporation, Dubuque County, Iowa, and Medical Associates, the appellants in this action. While the civil death action was pending the district court entered an order in the probate proceedings that approved the administrator's final report and closed the estate.

The closing order set off a chain reaction in both the civil and probate proceedings. We shall detail only those motions and rulings that are necessary in the disposition of this appeal. A motion was filed to dismiss the civil action due to the lack of capacity of the estate's administrator. Then Bernice successfully applied to the probate court to reopen the estate pursuant to Iowa Code section 633.489 (1981) and was reappointed as administrator. The district court then ruled on the motion and dismissed the civil action. Shortly thereafter, the appellees sought an order in the probate proceedings to set aside and expunge the order that had closed the estate. They claim that the district court lacked jurisdiction to close the estate because the sons, as heirs, had not received notice pursuant to Iowa Code section 633.40. This application was denied by the probate court, but the administrator

was unsatisfied and obtained a court order that allowed her to amend the application.

The amended application was filed and set for hearing. Appellants, asserting their interest as defendants to the wrongful death action, filed joint objections to the amended application and also a joint motion to dismiss it. The appellees responded by filing a motion to strike the appellants' pleadings on the basis that they were not interested parties to the probate proceedings. The Iowa District Court, William G. Klotzbach, J., sustained appellees' motion to strike and ruled that the appellants were not interested parties and could not be intervenors in the probate proceedings. Appellants appealed from this ruling. Apprised of this appeal, the district court continued the amended application without a ruling.

I. *Appellate jurisdiction.* Our initial inquiry concerns our jurisdiction to hear this appeal. The ground rules for appellate authority are contained in Iowa R.App.P. 1 and 2. Final judgments and decisions are appealable as a matter of right pursuant to rule 1(a), and interlocutory appeals are allowed by consent pursuant to rules 1(b) and 2. Recently, rule 1 was amended by the addition of subsection (c) which provides further protection to an appellant who has improvidently taken an appeal from an interlocutory ruling. 1980 Iowa Acts ch. 1209. Subsection (c) provides that before we dismiss an improvident appeal from an interlocutory order, we are to regard and act upon it "as an application for interlocutory appeal under rule 2 ... as if duly presented to the Supreme Court at the time the appeal was taken." *See State ex rel. Parcel v. St. John*, 308 N.W.2d 8, 9 (Iowa 1981).

The definition of and the distinction between the terms "final order" and "interlocutory order" have been made on many occasions, although the application of these pronouncements has been difficult. We have indicated that a final judgment or decision is one that finally adjudicates the rights of the parties and prevents the court from placing the parties in their original position,

whereas an interlocutory order is not finally decisive of the case. *Johnson v. Iowa State Highway Commission,* 257 Iowa 810, 812, 134 N.W.2d 916, 918 (1965). In applying these definitions we have looked to the purpose of the rules, which is to prevent delay by piecemeal appeals, and have generally held that a ruling is interlocutory unless it disposes of all of the issues and parties. *Decatur-Moline Corp. v. Blink,* 283 N.W.2d 347, 349 (Iowa 1979); *Shoemaker v. City of Muscatine,* 275 N.W.2d 206, 208–09 (Iowa 1979); *Reuter v. City of Oskaloosa,* 253 Iowa 768, 772, 113 N.W.2d 716, 719 (1962).

■ With these principles in mind we examine the ruling in question so that we may classify it and then determine whether it is a final or interlocutory ruling. The ruling on the motion to strike was in effect a denial of the right of the appellants to intervene in the probate proceedings. The parties indicate in their briefs that we have not previously decided the issue whether a denial of the right of intervention is a final judgment or an interlocutory decision. Other authorities appear to be split; however, most authorities agree the order is appealable when the intervention is the sole effective means and there is no other adequate remedy to preserve the substantial rights of the parties. 4 Am.Jur.2d *Appeal and Error* § 95 (1962); 4 C.J.S. *Appeal and Error* § 116(a)(2) (1957).

We hold under our appellate rules that a denial of the right to intervene is not a final decision but is an interlocutory ruling. While other jurisdictions find it necessary to examine the proceedings to determine if the intervention is the sole remedy to preserve substantial rights of the parties, our rules afford appeal on an interlocutory ruling on such a finding. Iowa R.App.P. 2(a) ("on finding that such ruling or decision involves substantial rights and will materially affect the final decision and that a determination of its correctness before trial on the merits will better serve the interests of justice"). Consequently, we have no compelling reason to designate a denial of intervention as a final ruling, especially when the ruling does not decide the issues in the action.

■ We also hold that the fact that this order arose from a probate proceeding has no effect on our determination that this ruling is interlocutory. We are aware that Iowa Code section 633.36 provides that "[a]ll orders and decrees of the court sitting in probate are final decrees as to the parties having notice and those who have appeared without notice." The purpose of this statute is to allow a prompt appeal from those orders and rulings on probate matters during the administration of the estate rather than at the time of the final report. *Matter of Estate of Young,* 273 N.W.2d 388 (1978) (ruling on order establishing a trust is a final order under section 633.36); *Matter of the Estate of Myers,* 269 N.W.2d 127, 128 (Iowa 1978) (court order fixing executor fees after notice was final and appealable); *In re Estate of Jarvis,* 185 N.W.2d 753, 756 (Iowa 1971) (order approving special administrator's report that was set for hearing is final). The ruling on the motion to strike is similar to a procedural order in a civil lawsuit and is unlike the orders of a court sitting in probate that determine the entitlement of the estate proceeds and provide authority and guidance to the fiduciary. To interpret literally the words "all orders" found in section 633.36 to apply to all procedural orders would lead to a undesired result. We conclude that the legislature by the enactment of section 633.36 did not intend to provide finality and thus make appealable those procedural rulings that are found in probate proceedings such as orders concerning motions to continue and applications for a hearing. *See Decatur-Moline Corp.,* 283 N.W.2d at 349–50 (to interpret literally the term "any order" contained in rule 1(a) to make appealable an otherwise interlocutory order would conflict with the clear import of the appellate rules and would oppose our strong policy against piecemeal appeals). We interpret the broad language of section 633.36 to exclude ordinary orders normally found in other civil actions.

■ Pursuant to rule 1(c) we now act on this appeal as if it is an appeal under rule 2.

If it is established that the appellants are interested parties and have a right to intervene, then absent intervention they have no effective means of preventing the probate court from granting the application to set aside the order closing the estate. The appellees all wish to have the order set aside. Without their presence and ability to present evidence in resistance to the application, the hearing would be uncontested. We determine that under rule 2 that appellants should have the right to appeal in advance of final judgment.

■ II. *Interested party—moot question.* Generally, this court will not consider moot questions. An action is moot when it no longer presents a justiciable controversy because the issues involved have become academic and nonexistent. The test is whether an opinion would be of force and effect as to the underlying controversy. *State ex rel. Turner v. Buechele,* 236 N.W.2d 322, 324 (Iowa 1975). It is immaterial that no motion to dismiss has been made by appellee. *Nitta v. Kuda,* 249 Iowa 853, 857, 89 N.W.2d 149, 151 (1958).

■ We hold that appellants' issues are now moot. The district court determined that appellants as possible debtors of the estate were not interested parties to the estate proceedings and could not intervene in the proceedings. Appellants had secured a dismissal of the wrongful death action on the basis that this order closed the estate and deprived the administrator of her capacity to act. Appellants claimed that they were interested parties because of their need to prevent the expungement of this order from the record. We decided in *Troester* that the closing of the estate did not abate the death action, and that the administrator regained her capacity to litigate the action by the reopening of the estate prior to this application to reopen. *Troester,* 328 N.W.2d at 314.

Whatever interest appellants had in the proceedings at the time of the intervention no longer exists after our ruling. The closing order does not affect the appellants' situation as defendants in the death action. The issue of appellants' interest is non-existent. For this reason we dismiss the appeal.

APPEAL DISMISSED.