**In the Matter of the ADOPTION OF M.M.B.,**

**John, Appellee,**

**Patrick, Appellant.**

**No. 84–1725.**

Supreme Court of Iowa.

Nov. 13, 1985.

Thomas D. McMillen, Jr., Des Moines, and M. Wayne Oltrogge, Clear Lake, for appellant.

Rolf Aronsen, Mason City, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, CARTER and WOLLE, JJ.

McGIVERIN, Justice.

Patrick, the natural father of the minor child, M.M.B., appeals the trial court's order denying his application to appear and present evidence in an adoption proceeding commenced under Iowa Code chapter 600 (1983) after termination of his parental rights. Patrick contends that because he reserved, in the settlement of a prior action concerning modification of a dissolution of marriage decree, the right to receive notice under Iowa Code section 600.11 of any subsequent adoption proceeding, he was entitled to appear and present evidence at the hearing on the petition for adoption of his natural daughter. He so contends even though his parental rights were terminated before the adoption case was commenced. We affirm the trial court's denial of Patrick's application.

The issues which we address are: 1) whether we have jurisdiction of this action; 2) whether Patrick could seek to have the termination of parental rights order vacated; and 3) whether Patrick was entitled to appear and present evidence at the adoption hearing subsequent to the termination of his parent-child rights.

The child that petitioner seeks to adopt, M.M.B., was born July 17, 1979, to Patrick and Rebecca, during their marriage. Subsequently, the marriage of the parents was dissolved in a district court action and custody of the child was awarded to her mother, Rebecca.

Rebecca then married petitioner, John, and they lived together with the child until the present time.

There have been numerous disputes between Patrick and Rebecca and John concerning visitation rights of Patrick with the child. Rebecca filed an action to modify the visitation rights of Patrick which he contested. These hostilities culminated in allegations against Patrick of sexual abuse of the child. Rebecca and John instituted civil and criminal proceedings against Patrick on these grounds.

In a written stipulation in the modification case, Patrick agreed to the termination of his parental rights in return for the release of all civil claims and agreement by Rebecca and John not to pursue criminal charges against him. He did not admit to any wrongdoing in this stipulation. A provision was inserted in the agreement that provided Patrick would receive notice under Iowa Code section 600.11. Section 600.-11 provides for notice of an adoption hearing.

The stipulation for settlement and dismissal of the modification action was approved and ordered by the court.

In another proceeding the court entered an order terminating Patrick's parental rights to M.M.B.

On September 11, 1984, John in a separate action filed a petition for adoption of M.M.B. in district court. At that time, a guardian ad litem was appointed and filed an answer to represent the child's interest.

Patrick was served with notice of the filing of the petition for adoption and the time for hearing on the petition. He then filed an application under Iowa Code section 600.12 for permission from the court to appear and present evidence at the hearing on the adoption petition. John resisted the application. The court denied Patrick's application and he appealed to us from that order on October 31, 1984.

I. *Appellate jurisdiction.* We initially must consider an issue not raised by the parties which concerns our jurisdiction to entertain this appeal. The order of October 18, 1984, from which Patrick appeals is not a final disposition of the adoption proceeding.[1]

We have held "under our appellate rules that a denial of the right to intervene is not a final decision but is an interlocutory ruling." *In re Estate of Troester,* 331 N.W.2d 123, 126 (Iowa 1983). Patrick's application to appear and present evidence in the adoption proceeding in the hope of later vacating the termination of parental rights order was in substance a request to intervene.

Because Patrick's appeal was interlocutory, we consider this notice of appeal as an application under Iowa R.App.P. 1(c) for interlocutory appeal under Iowa R.App.P. 2. Absent intervention, Patrick had no effective means of protecting his interest if the issue of his right to present evidence was not adjudicated. *See Troester,* 331 N.W.2d at 127.

Therefore, under rule 2 we grant the application and thus entertain the appeal.

II. *Finality of the termination order.* All of the present parties to this action

---

1. The court file indicates that a decree of adoption of the child by petitioner was entered on October 23, 1984, after hearing. However, no appeal was taken from the granting of the de-cree. Therefore, we do not address the issue of whether Patrick had standing to appeal from this final adoption decree.

agree that Patrick's parent-child rights were terminated by court order.

Under Iowa Code section 600A.9(2), however, a person whose parental rights have been terminated may seek to have the court vacate the termination order. Such a request may be granted only if the vacation is shown to be in the best interest of the child. The request may be made under this subsection of the statute only if the child is not on placement for adoption or a petition for adoption of the child is not on file.

■ Consequently, once the petition for adoption of M.M.B. was filed by petitioner, John, on September 11, 1984, Patrick's right to seek vacation of the order terminating his parent-child rights was extinguished under the terms of section 600A.9(2).

Patrick did not timely request vacation of the order terminating his parental rights nor did he claim fraud in the execution of the termination agreement and the entering of the order terminating his parental rights. Therefore, the termination order became final when the adoption petition was filed because Patrick could no longer seek to have the order vacated. Iowa Code § 600A.9(2).

However, Patrick now seeks to appear at the adoption hearing and to present evidence which he asserts would have materially affected the court's decision regarding the desirability of the proposed adoption. He does not now seek custody of the child. He says he desires to maintain visitation with his daughter and eventually obtain a vacation of the parental termination order. Although he is barred from challenging and vacating the termination of his parental rights under Iowa Code section 600A.9(2), he attempts to accomplish a similar result through the adoption statute.

■ III. *Patrick's right to present evidence.* Adoption is a creature of statute and was not known at common law. *In re*

*Adoption of Zimmerman*, 229 N.W.2d 245, 248 (Iowa 1975). Therefore, the procedures outlined in the adoption statutes, Iowa Code chapter 600, must be followed in order for a valid adoption decree to issue.

In the stipulation filed with the court in the dissolution modification action, Patrick agreed to the termination of his parental rights with respect to his natural daughter, M.M.B. The parties further agreed:

> Petitioner shall be entitled to and shall receive Notice under Sec. 600.11, Code of Iowa (1983).

There were no provisions in the stipulation which granted Patrick the right to appear or to present evidence at a subsequent adoption proceeding.

However, Patrick contends that because of the above provision granting him notice under section 600.11, he is entitled to appear and present evidence at the adoption proceeding pursuant to Iowa Code section 600.12 which provides in part:

> 2. Only those persons notified *under section 600.11* and their witnesses ... shall be admitted to the court chambers while an adoption hearing is being conducted....
>
> 3. Any person admitted to the hearing *shall* be heard and allowed to present evidence upon request and according to the manner in which the court conducts the hearing.

(Emphasis added.)

Section 600.11(2)(a) states that notice of the petition for adoption and hearing thereon shall be given by the adoption petitioner to:

> A guardian, guardian ad litem if appointed for the adoption proceedings, and custodian of, and a person in a parent-child relationship with the person to be adopted. This paragraph does not require notice to be given to a person whose parental rights have been terminated with regard to the person to be adopted.[2]

---

**2.** It appears that prior to a 1977 amendment to section 600.11(2)(a), which added the express exception discussed above, a person whose pa-

rental rights had been terminated was not entitled to receive notice. Op.Att'y Gen. 225 (1978).

One reason for the exception in the statute could be that due to the filing of the petition for adoption and section 600A.9(2), the order terminating the person's parent-child rights becomes final. Further, the adoption chapter does not grant other rights to the terminated parent. For example, a terminated parent need not consent to the adoption for a decree to issue. *See* Iowa Code § 600.7.

The wording of section 600.11(2)(a), that it "does not require notice to be given to a person whose parental rights have been terminated," suggests the other persons listed are *required* to be notified of the adoption petition and hearing in compliance with the statute.

Section 600.12(2) provides that those notified under section 600.11 shall be admitted to the adoption proceeding and be allowed to present evidence. We believe this portion of section 600.12 must refer to those persons *required* to be notified of the adoption hearing under section 600.11(2)(a).

■ Although Patrick received notice of the pending adoption proceeding under section 600.11, it was given to him pursuant to an agreement between the parties and not because petitioner was required to so notify him under the statute. The parties could not change the statutory procedures governing adoptions by a mere agreement. It is clear that, according to section 600.11, once the parent-child relationship has been terminated, the person whose parental rights have been extinguished is not within the list of persons required to receive notice of an adoption hearing pursuant to that statute.

Therefore, the notice of the adoption petition given Patrick by the petitioner had no legal significance such as to grant Patrick the right under section 600.12(2) and (3) to be present and offer evidence at the hearing on the adoption petition. Patrick was divested of parental rights with the child by order of the court in a separate action. We conclude that all of his rights with respect to the child were extinguished, including the requirement that he be notified when the child was placed for adoption or a petition for adoption was filed.

Under *Zimmerman*, 229 N.W.2d at 248, we stated that the court in an adoption proceeding must view the evidence in light of three competing interests, that of the child, the non-custodial parent and the petitioner. But these various claimants' rights must in the end yield to the best interests of the child. *In re L.B.T.*, 318 N.W.2d 200, 201 (Iowa 1982). Maintenance of a stable home and custody situation is an important consideration from the standpoint of the child's best interests.

Because of the termination of Patrick's parent-child rights, he no longer was in the position of a non-custodial parent. He no longer had a legal interest in the adoption proceeding. This is also true for the child regarding her legal relationship with Patrick. That former relationship would not be a factor in consideration of the adoption petition under the statutory framework.

These reasons, in light of the competing interests that must be considered by an adoption court, militate against allowing a person in Patrick's position to be present and offer evidence at the adoption hearing.

We conclude the trial court was correct in denying Patrick's application.

AFFIRMED.