# IN THE COURT OF APPEALS OF IOWA

No. 13-1433
Filed September 17, 2014

**BONNIE F. STRAWN, Individually and in
her capacity as Trustee of the Bonnie F.
Strawn Revocable Living Trust, and
RONALD STRAWN, Individually,**
      Plaintiffs-Appellants,

**vs.**

**JONATHAN D. STRAWN, Individually and
as Successor Trustee of the Darrell L.
Strawn Revocable Living Trust,**
      Defendant-Appellee.
_____

      Appeal from the Iowa District Court for Woodbury County, Jeffrey L.

Poulson, Judge.

      Plaintiffs appeal the district court order granting partial summary judgment

to defendant.  **APPEAL DISMISSED.**

      R. Scott Rhinehart of Rhinehart Law, P.C., Sioux City, for appellants.

      Daniel L. Hartnett of Crary, Huff, Ringgenberg, Hartnett & Storm, P.C.,

Sioux City, for appellee.

      Considered by Vaitheswaran, P.J., McDonald, J., and Eisenhauer, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Plaintiffs appeal the district court order granting partial summary judgment to defendant. After the district court ruled on plaintiffs' motion to amend and enlarge, plaintiffs appealed. We determine plaintiffs' motion was not permitted by the Iowa Rules of Civil Procedure, and therefore, did not extend the time for filing an appeal. Plaintiffs' appeal is untimely and we lack subject matter jurisdiction to address the issues raised in the appeal. Therefore, the appeal must be dismissed.

## I.  Background Facts & Proceedings.

This case involves two trust agreements—the Darrell L. Strawn Revocable Trust Agreement and the Bonnie F. Strawn Revocable Trust Agreement. The Strawns have two children, Ronald Strawn and Jonathan Strawn. Darrell died on June 17, 2007.

On May 9, 2012, Bonnie, in her individual capacity and as trustee of her revocable trust, and Ronald filed suit against Jonathan, individually and as trustee of Darrell's revocable trust, seeking a declaratory judgment as to the validity of two amendments to Bonnie's revocable trust. The action also sought to determine Bonnie's interest in Darrell's revocable trust, sought to remove Jonathan as the trustee of Darrell's revocable trust, and asked for an accounting.

Both parties filed motions for summary judgment. The district court entered an order on August 6, 2013, captioned "Partial Order of Summary Judgment." The court determined the third amendment to Bonnie's revocable trust was valid and enforceable. It found, however, Bonnie could not amend her revocable trust after Darrell died because there was no longer the possibility of

mutual consent. The court concluded the fourth and fifth amendments to Bonnie's revocable trust were invalid and unenforceable. It noted summary judgment was not sought on the issues of whether Bonnie was entitled to a present interest in Darrell's revocable trust, whether Jonathan had breached his fiduciary duties and should be removed as the trustee, and whether Bonnie was entitled to an accounting. Those issues remained for trial.

Plaintiffs filed a motion to amend and enlarge on August 7, 2013, claiming the court had improperly found Bonnie did not have the right to amend her revocable trust at any time and the trusts were mutual revocable trusts. The district court entered an order on August 19, 2013, denying the motion to reconsider.

On September 11, 2013, plaintiffs filed an application for interlocutory appeal with the Iowa Supreme Court, and on September 17, 2013, filed a "Notice That an Appeal was Filed" in the district court. Jonathan resisted the application for interlocutory appeal on the ground the motion to amend and enlarge was not a proper motion pursuant to Iowa Rule of Civil Procedure 1.904(2), and therefore it did not extend the time for filing an appeal, making plaintiffs' appeal untimely. The supreme court entered an order on October 15, 2013, determining the following issues should be submitted with the appeal: (1) whether plaintiffs were entitled to appeal as a matter of right or if their appeal was interlocutory in nature; (2) whether the appeal or interlocutory appeal was timely; and (3) if this case involved a timely interlocutory appeal, whether it should be granted. The case was subsequently transferred to this court.

## II. Timeliness of Appeal.

**A.** We first address whether the plaintiffs were entitled to appeal as a matter of right from the district court's grant of partial summary judgment or whether this case involves an interlocutory appeal. In their appellate briefs, both parties agree plaintiffs were entitled to appeal as a matter of right from the grant of partial summary judgment because it should be considered a final judgment under Iowa Code section 633.36 (2011).

Section 633.36 provides, "All orders and decrees of the court sitting in probate are final decrees as to the parties having notice and those who have appeared without notice." Revocable trusts are governed by chapter 633A. Iowa Code § 633A.3101-.3112; *In re Trust No. T-1 of Trimble*, 826 N.W.2d 474, 483 (Iowa 2013). For trusts governed by chapter 633A, "[t]he district court sitting in probate has exclusive jurisdiction of the proceedings concerning the internal affairs of a trust . . . and other actions and proceedings involving a trust and third persons." Iowa Code § 633A.6106(1). Because section 633.36 applies to "[a]ll orders and decrees of the court sitting in probate," and this case was heard in probate, we conclude section 633.36 applies in the present proceedings.

The Iowa Supreme Court has determined section 633.36 does not apply to all procedural orders. *In re Estate of Troester*, 331 N.W.2d 123, 126 (Iowa 1983). "We conclude that the legislature by the enactment of section 633.36 did not intend to provide finality and thus make appealable those procedural rulings that are found in probate proceedings such as orders concerning motions to continue and applications for hearing." *Id.* "We interpret the broad language of section 633.36 to exclude ordinary orders normally found in other civil actions."

*Id.* The district court's grant of partial summary judgment was a ruling on the merits of at least some of the issues in this case, and not a ruling on procedural matters, such as a motion to continue. Thus, by the operation of section 633.36 the district court's grant of partial summary judgment was a final decision and could be appealed as a matter of right.[1] *See* Iowa R. App. P. 6.101(1)(b).

**B.** We turn next to the question of whether plaintiffs' appeal is timely. A notice of appeal must be filed within thirty days after the filing of a final order or judgment. *Id.*; *Root v. Toney*, 841 N.W.2d 83, 87 (Iowa 2013). If a party files a timely motion pursuant to Iowa Rule of Civil Procedure 1.904(2), a notice of appeal must be filed within thirty days after the court rules on the motion. Iowa R. App. P. 6.101(1)(b); *Bauer v. Bauer Farms, Inc.*, 832 N.W.2d 663, 668 (Iowa 2013). If a party does not file a timely notice of appeal, we do not have subject matter jurisdiction to hear the appeal. *Bauer*, 832 N.W.2d at 668.

The district court entered its partial order of summary judgment August 6, 2013, and the notice of appeal was filed September 11, 2013. We have jurisdiction to consider plaintiffs' appeal only if their motion to enlarge and amend tolled the time for filing an appeal.[2] *See id.* (noting the court had jurisdiction only if a party's post-trial motion constituted a proper rule 1.904(2) motion). "[A]n

---

[1] Because of our conclusions in the next division of this case, we do not at this time expressly address the issue of whether the district court's ruling on plaintiffs' motion to amend and enlarge would be considered a final decree under section 633.36.

[2] We look to the substance of a motion and not to the name on the motion. *Zimmer v. Vander Waal*, 780 N.W.2d 730, 732 (Iowa 2010). Rule 1.904(2) "authorizes motions to enlarge and amend findings and conclusions and to modify the judgment or substitute a different one." *Kagan's Numismatic Auctions, Inc. v. Criswell*, 284 N.W.2d 224, 226 (Iowa 1979). If a motion to enlarge and amend is actually a rule 1.904(2) motion, we will treat it as such. *See id.* For purposes of our discussion, we will consider plaintiffs' motion to enlarge and amend as a rule 1.904(2) motion.

untimely or improper rule 1.904(2) motion cannot extend the time for appeal." *In re Marriage of Okland*, 699 N.W.2d 260, 266-67 (Iowa 2005).

In the past, a rule 1.904(2) motion was not an authorized method for challenging a summary judgment ruling, and therefore, such a motion could not operate to extend the time for filing an appeal after a summary judgment ruling. *See Orr v. Iowa Pub. Serv. Co.*, 277 N.W.2d 899, 900 (Iowa 1979). Iowa Rule of Civil Procedure 1.981(3) was amended in 1980 to provide, "If summary judgment is rendered on the entire case, rule [1.904(2)] shall apply."[3] *People's Trust & Sav. Bank v. Baird*, 346 N.W.2d 1, 3 (Iowa 1984). This rule permits the filing of a rule 1.904(2) motion after summary judgment is rendered on the entire case. *Easter Lake Estates, Inc. v. Polk Cnty.*, 444 N.W.2d 72, 74 (Iowa 1989). The ability to file a rule 1.904(2) motion to challenge a summary judgment ruling is dependent upon rule 1.981(3). *Kunau v. Miller*, 328 N.W.2d 529, 530 (Iowa 1983) ("Otherwise rule [1.904(2)] would not apply in those situations.").

As noted above, rule 1.981(3) provides, "If summary judgment is rendered on the *entire case*, rule 1.904(2) shall apply." (Emphasis added.) In the present case, the district court entered a "Partial Order of Summary Judgment." Therefore, under rule 1.981(3), because summary judgment was not rendered on the entire case, rule 1.904(2) does not apply. *See Gardner v. Hartford Ins. Accident & Indem. Co.*, 659 N.W.2d 198, 202 (Iowa 2003) (noting "the district court rendered summary judgment upon the entire case").

---

[3] Iowa Rule of Civil Procedure 1.904(2) was formerly rule 179(b) and rule 1.981(3) was formerly rule 237(c). *See Vande Kop v. McGill*, 528 N.W.2d 609, 613 (Iowa 1995) (using former rule numbers).

Only a timely and proper rule 1.904(2) motion will toll the time for filing an appeal. *Sierra Club Iowa Chapter v. Iowa Dep't of Transp.*, 832 N.W.2d 636, 640 (Iowa 2013). Plaintiffs' post-trial motion was not a proper rule 1.904(2) motion because it did not meet the requirements of rule 1.981(3). Because the time for filing an appeal was not extended by the filing of the motion to amend and enlarge, the notice of appeal filed more than thirty days after the district court's ruling granting partial summary judgment was untimely. A party's "failure to file a timely notice of appeal leaves us without subject matter jurisdiction to hear the appeal." *See Bauer*, 832 N.W.2d at 668.

**C.** The third issue raised in the Iowa Supreme Court's order was whether, if we determined this case involved an interlocutory appeal and if the appeal was timely, the application for interlocutory appeal should be granted. We have determined this case does not involve an interlocutory appeal and was not timely. Therefore, we do not further address this issue.

We are without subject matter jurisdiction to address the merits of the issues raised by plaintiffs in this case and dismiss the appeal. We deny plaintiffs' request for attorney fees. Costs of this appeal are assessed to plaintiffs.

**APPEAL DISMISSED.**