**IN THE COURT OF APPEALS OF IOWA**

No. 19-0485
Filed February 5, 2020

**IN THE MATTER OF THE ESTATE OF MICHAEL E. O'BANION, Deceased,**

**RANDY PAPER, Individually and as Executor of the ESTATE OF MICHAEL E. O'BANION, Deceased,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.

An appellant appeals an order granting the appellees' motion to amend pleadings. **APPEAL DISMISSED.**

Paul L. Macek of Hopkins & Huebner, P.C., Davenport, and Rex J. Ridenour of Rex J. Ridenour Attorney at Law, PLLC, Davenport, for appellant.

Candy K. Pastrnak of Pastrnak Law Firm, P.C., Davenport, and Timothy D. Roberts of Anderson, Roberts, Porth, Wallace & Stewart LLP, Burlington, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

This case involves a will contest. Randy Paper appeals the probate court's grant of a motion to amend pleadings under Iowa Rule of Civil Procedure 1.402(4). The amendment added Paper as a necessary party.

As the appellees point out, however, the grant of a motion to amend "is procedural in nature, it does not dispose of the issue on the merits, and is not and should not be considered a 'final' ruling." Therefore, appellees suggest, this court may lack jurisdiction to hear this appeal. But Paper responds that, under Iowa Code section 633.36 (2019), "[o]rders in probate are final orders and appealable as a matter of right."

Generally, a party may appeal as of right—meaning, without a grant of permission—only from "final orders and judgments of the district court involving the merits or materially affecting the final decision." Iowa. R. App. P. 6.103(1). An order is "final" if it "conclusively adjudicates all of the rights of the parties." *Richers v. Marsh & McLennan Grp. Assocs.*, 459 N.W.2d 478, 480 (Iowa 1990). A final order leaves the district court with "nothing more to do than execute that order." *See In re M & S Grading, Inc.*, 526 F.3d 363, 369 (8th Cir. 2008); *accord In re Marriage of Brown*, 776 N.W.2d 644, 648 (Iowa 2009) ("It must leave nothing more to be done in order to effectuate the court's disposition of the matter." (citation omitted)).

An order granting a motion to amend pleadings does not qualify as a final order. It does not end the litigation. If anything, it extends the litigation by adding new issues for the court to resolve. So we agree with appellee that the order at issue here was not a "final" order in any ordinary sense.

As appellant notes, though, Iowa Code section 633.36 provides: "*All orders and decrees of the court sitting in probate are final* decrees as to the parties having notice and those who have appeared without notice." (Emphasis added.) If we were to apply section 633.36 "as it is written," we might well conclude the probate court's "order" granting leave to amend was "final" for purposes of appeal. *See Fishel v. Redenbaugh*, No. 18-1715, 2019 WL 6358430, at *2 (Iowa Ct. App. Nov. 27, 2019) (explaining we are "constitutionally prohibited" from legislating; instead, "our duty" is to "accept the law as the legislative body enacts it"; therefore, "we apply each statute 'as it is written'").

"As an intermediate appellate court," though, "the Iowa Court of Appeals must follow the legal precedents of the Iowa Supreme Court." *State v. Jackson*, No. 12-1748, 2014 WL 69771, at *1 (Iowa Ct. App. Jan. 9, 2014); *accord State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent."). And "our supreme court has held section 633.36 does not apply to 'all orders.'" *In re Kallmer*, No. 18-0177, 2019 WL 5067130, at *3 (Iowa Ct. App. Oct. 9, 2019) (quoting *In re Estate of Troester*, 331 N.W.2d 123, 126 (Iowa 1983)). Specifically, in *Troester*, our supreme court "held section 633.36 does not apply to 'ordinary orders' that are 'normally found in' civil actions." *Id.* (citing *Troester*, 331 N.W.2d at 126).

Motions to amend pleadings are standard fare in civil litigation. Likewise, orders permitting amendments are "ordinary orders" that are "normally found in" civil actions. *See Troester*, 331 N.W.2d at 126. So, under *Troester*, the order at issue here is not a "final" order for purposes of appeal under section 633.36.

We have considered Iowa Rule of Appellate Procedure 6.108, under which "we have authority to treat a notice of appeal from a non-final order as an application for interlocutory appeal and grant the application." *In re Barbara Mills Tr.*, No. 17-0610, 2017 WL 3525311, at *1 (Iowa Ct. App. Aug. 16, 2017). After review, we conclude interlocutory review is not appropriate here. *See, e.g.*, *In re Marriage of Graziano*, 573 N.W.2d 598, 599–600 (Iowa 1998) (discussing reasons for the limited availability of interlocutory review); *Banco Mortg. Co. v. Steil*, 351 N.W.2d 784, 786–87 (Iowa 1984) (same).

**APPEAL DISMISSED.**