# IN THE COURT OF APPEALS OF IOWA

No. 22-1953
Filed May 8, 2024

## IN THE MATTER OF THE ESTATE OF SHIRLEY M. CLEGG, Deceased.

**JOHN H. CLEGG, JILL C. CROHAN and JAY R. CLEGG,**
Plaintiffs-Appellants.

_____

Appeal from the Iowa District Court for Washington County, Shawn Showers, Judge.

The plaintiffs in a will contest appeal the order approving the executor's final report and closing the estate. **APPEAL DISMISSED.**

William J. Miller and Manuel A. Cornell of Dorsey & Whitney LLP, Des Moines, for appellants.

Eric Schmitt of Washington Law Office LLP, Washington, and Chandler M. Surrency of Hopkins & Huebner, P.C., Des Moines, for Shirley M. Clegg Estate.

Heard by Ahlers, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

The plaintiffs in a will contest appeal the order approving the executor's final report and closing the estate. Because the claims they raise on appeal concern an earlier order of the probate court that was not appealed, we dismiss for lack of jurisdiction.

### I. Background Facts and Proceedings.

After Shirley Clegg's death in November 2018, the district court admitted her 2012 will to probate. In April 2019, three of Shirley's heirs—John Clegg (Jack), Jill Crohan, and Jay Clegg[1]—petitioned to set aside the 2012 will, alleging Shirley lacked testamentary capacity and was under undue influence when she executed it. They asked the court to admit her 2008 will to probate.

The will contest was mediated in November 2021, which resulted in the parties reaching a Family Settlement Agreement (FSA). Under the terms of the FSA, the other heirs—Julie Lancaster and the two children of Shirley's deceased son, James[2]—agreed to pay the plaintiffs $1,325,000 in exchange for the plaintiffs dismissing their claims against the estate. The agreement required that the defendants obtain sufficient financing within sixty days of the court approving the FSA.

The district court approved the FSA on January 5, 2022. Pursuant to the agreement, the court appointed Julie the executor of Shirely's estate. Then Julie, as executor, transferred title of the estate farm to a limited liability company (LLC) owned by the defendants, and they obtained a loan secured by a mortgage on the

---

[1] We refer to Jack, Jill, and Jay collectively as "the plaintiffs."
[2] We refer to these three heirs collectively as "the defendants."

property to pay the plaintiffs the $1,325,000 due under the FSA. On March 2, the defendants notified the court that they complied with the FSA and moved the plaintiffs to dismiss their claims. On March 20, the district court ordered the plaintiffs to dismiss their claims against the defendants with prejudice.[3]

On October 28, the executor filed her final report, asking the court to close the estate. The district court approved the final report and entered an order closing the estate the same day. The plaintiffs appealed the final order and "all adverse rulings and orders inhering therein."[4]

**II. Scope and Standard of Review.**

"Probate actions are tried in equity," and cases in equity are reviewed de novo. *In re Est. of Whalen*, 827 N.W.2d 184, 187 (Iowa 2013). The parties agree that our review is de novo. On de novo review, "[w]e give weight to the probate court's factual findings, particularly on the credibility of witnesses, but are not bound by them." *Id.*

**III. Discussion.**

The plaintiffs contend that the district court improperly closed the estate without adequate notice and based on misleading statements that Julie, as executor, made in her final report. But their complaints are based on acts approved

---

[3] Jill and Jay dismissed their claims the next day. When Jack failed to do so, the court dismissed his claims in an order entered on April 5.

[4] In September 2022, the plaintiffs petitioned for writ of certiorari to challenge an order concerning settlement funds subject to an attorney's lien. The supreme court ruled that the order being appealed was a final order of the probate court and treated the plaintiffs' writ of certiorari as a notice of appeal. The plaintiffs moved to consolidate the two appeals, which the supreme court denied. As a result, we separately address the issues raised in this appeal and in *In re Estate of Clegg*, No. 22-1523, 2024 WL _____ (Iowa Ct. App. May 8, 2024).

by earlier court orders. For example, they challenge the transfer of the farm to the defendants. The plaintiffs claim that the defendants' interest in the farm depended on payment of the settlement to the plaintiffs and complain that the defendants' March 2 motion stating they had complied with the FSA did not inform the court about the transfer made to the defendants' LLC. But the plaintiffs knew about the transfer of the farm to the LLC before March 2.[5] The plaintiffs could have questioned the farm's transfer in response to the March 2 motion, but they did not. *See Buboltz v. Birusingh*, 962 N.W.2d 747, 754 (Iowa 2021) ("A party ordinarily needs to raise and the district court needs to decide an issue before we address its merits on appeal.").

"All orders and decrees of the court sitting in probate are final decrees as to the parties having notice and those who have appeared without notice." Iowa Code § 633.36 (2022). Thus, the March 20 order finding the defendants fully complied with the FSA and ordering the plaintiffs to dismiss their claims against the defendants was a final order of the court. "The purpose of this statute is to allow a prompt appeal from those orders and rulings on probate matters during the administration of the estate rather than at the time of the final report." *In re Est. of Troester*, 331 N.W.2d 123, 126 (Iowa 1983). But the plaintiffs never moved the court to enlarge or amend its order to raise the claims they now argue on appeal,

---

[5] In a February 23 motion, Jack states he was "informed that an unnamed partnership may be created by the adverse parties to facilitate the sale of the farmland or manage its future operations" and "that the funding source will take a mortgage on the farm securing repayment of the funds paid [for the settlement]." As part of a supplemental memorandum, Jack submitted as an exhibit on February 28 a letter from the executor's attorney to the estate's attorney, directing how to disburse the funds from the closing on the mortgage to the defendants' LLC.

nor did they appeal the March 20 order. Instead, they waited until the order approving the final report to raise this issue. Although the appeal is timely as to the October 28 order, the plaintiffs' arguments on appeal do not concern that order. Their complaints about issues addressed by the court's earlier orders are untimely. *See In re Est. of Mienke*, No. 09-0929, 2010 WL 1875749, at *3 (Iowa Ct. App. May 12, 2010) (holding that although the appellants timely appealed the order closing the estate, their claims that the estate should not be closed based on complaints about prior orders of the probate court were untimely). Because the plaintiffs did not appeal the March 20 order within thirty days, as required by Iowa Rule of Appellate Procedure 6.101(b), we lack jurisdiction to consider the claims they now raise.

**APPEAL DISMISSED.**