**IN THE COURT OF APPEALS OF IOWA**

No. 23-1009
Filed August 21, 2024

**IN THE MATTER OF THE ESTATE OF BARBARA JEAN WHITE**

**ROWAN SEAN PIPER, f/k/a NATHAN JOHN MARCY,**
    Appellant.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.

A party appeals the denial of his petition to open a small estate in probate.

**AFFIRMED.**

Rowan Sean Piper, Maquoketa, self-represented appellant.

Considered by Badding, P.J., Langholz, J., and Bower, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**BADDING, Presiding Judge.**

Rowan Piper appeals the district court's denial of his petition to open administration of a small estate for his mother, Barbara Jean White. Piper claims his "petition to open administration should not have been denied" because "the district court improperly applied [a] statute that is not relevant to the petition." He appears to argue that irrelevant statute is Iowa Code section 633.82 (2023), which requires designation of an attorney employed to assist in the administration of the estate. Alternatively, Piper claims "the ruling in this case creates a standard that indigent fiduciaries are incapable of meeting." Because Piper did not challenge the independent grounds cited by the district court for denying his petition and his alternative claim was not preserved, we affirm.

## I.    Background Facts and Proceedings

In February 2023, Rowan Piper[1] filed a "petition in probate" and supporting affidavit following the death of Barbara Jean White roughly two weeks earlier. Along with White's name, domicile, and date of death, the petition and affidavit also alleged that White was not married at the time of death; Piper was her "only living biological heir, her true born son"; White did not have a will; and the approximate value of her estate was $10,000. *See* Iowa Code § 635.2(1)–(5); *see also id.* § 635.1. Piper asked to be appointed as the estate's administrator.[2] *See id.* § 635.2(6). The next day, the district court entered an order treating Piper's

---

[1] When the petition was filed, the appellant's legal name was Nathan John Marcy. While this appeal was pending, he filed a notice of name change and decree under Iowa Code chapter 674 changing his legal name to Rowan Sean Piper.

[2] The petition also alleged White's siblings "have, without authorization, seized the assets owned by the estate" and sought an order directing them to return those assets.

petition as one to open administration of an estate and denied the petition for three reasons: (1) "[n]o proposed order granting administration was submitted therewith," (2) [n]o oath was submitted," and (3) [n]o designation of attorney was submitted."

Almost four months later, in June, Piper filed a second "petition in probate." Like before, the petition contained White's name, domicile, and date of death and alleged that she was not married at death; Piper was White's only child and legal next of kin; White did not have a will at death; and the approximate value of her estate was now $15,000. *See id* § 635.2(1)–(5). Piper again asked "to be named administrator of the decedent's estate as set forth in Iowa Code [section] 635.2" and alleged he "is a qualified person according to [section] 633.227." *See id.* § 635.2(6); *see also id.* § 635.1. A few days later, the district court denied the petition "for the reasons previously set forth."

In response, Piper filed a "motion for a new trial" under Iowa Rule of Civil Procedure 1.1004(6) and (8), arguing "all requirements set forth in [section] 635.2 had been met" for the opening of the administration of a small estate. The district court swiftly denied that motion, observing "[n]o trial has occurred in this matter" and ruling "[p]robate is denied because not all requirements of chapter 633 regarding the qualification of a personal representative have been completed."

Piper appeals.[3]

---

[3] Piper's pro se brief contains deficiencies under the appellate rules that applied at the time his brief was filed. He did not provide statements on error preservation or the standard of review as required by Iowa Rule of Appellate Procedure 6.903(2)(g)(1) and (2) or a submission request as required by rule 6.903(2)(i). The brief is not searchable as required by rule 6.903(1)(c), and it includes no cites to the record or appendix as required by rule 6.904(4).

## II.     Standard of Review

With exceptions not applicable here, matters triable in probate are proceedings in equity.  *See id.* § 633.33.  "In equity cases review is de novo."  Iowa R. App. P. 6.907.

## III.    Analysis

Before getting to the merits of Piper's claims, we first note that he did not appeal the district court's denial of the February petition.  That denial was a final order under section 633.36.  *Cf. In re Est. of Troester*, 331 N.W.2d 123, 126 (Iowa 1983) (concluding a ruling on a motion to strike "is similar to a procedural order in a civil lawsuit and is unlike the orders of a court sitting in probate that determine the entitlement of the estate proceeds and provide authority and guidance to the fiduciary").  Piper's failure to appeal the first order within thirty days as required by Iowa Rule of Appellate Procedure 6.101(1)(b) deprives this court of appellate jurisdiction to review that denial in this appeal.  *See, e.g.*, *In re Est. of Clegg*, No. 22-1953, 2024 WL 2042153, at *2 (Iowa Ct. App. May 8, 2024).  That said, the second petition contained generally the same information and was denied on the same three grounds as the first, plus lack of qualification under chapter 633.  Piper's notice of appeal from that second denial, and the denial of his motion for new trial, was timely.  So those rulings are reviewable.

---

"Substantial departures from appellate procedures cannot be permitted on the basis that a non-lawyer is handling [their] own appeal."  *In re Est. of DeTar*, 572 N.W.2d 178, 180 (Iowa Ct. App. 1997).  While "[s]uch failures can lead to summary disposition," in some cases we will, "as a matter of grace," determine the appeal "to the extent we can do so without assuming a partisan role and undertaking [the party's] research and advocacy."  *Id.* at 181.  We accordingly examine Piper's claims through that lens.

Proceeding to the merits, Piper argues that because the value of the estate is less than $200,000, "this case undeniably qualifies for a probate under [c]hapter 635." Section 635.1 says as much but, as Piper acknowledges, it also states that, "[u]nless otherwise provided in this chapter, the provisions of chapter 633 apply to an estate administered pursuant to this chapter." Yet Piper contends that since section 635.2 contains specific requirements for a petition under chapter 635,[4] he only had to comply with those "requirements for a petition to open [an] administration to be accepted." So, Piper reasons, he was not required to designate an attorney under section 633.82, as the district court stated in its order denying administration. He concludes that because both of his petitions met the requirements of section 635.2, the court erred in "adding additional requirements beyond" that provision and denying his petitions.

Piper does not, however, challenge the court's alternative grounds for denying administration of his mother's estate—lack of qualification of the proposed personal representative and lack of an oath or certification. *See* Iowa Code

---

[4] Those requirements are:
> (1) The name, domicile, and date of death of the decedent.
> (2) The name and address of the surviving spouse.
> (3) The name and relationship of each heir so far as known to the petitioner in an intestate estate.
> (4) Whether the decedent died intestate or testate, and, if testate, the date the will was executed.
> (5) A statement that the probate assets of the decedent subject to the jurisdiction of this state do not have an aggregate gross value of more than the amount permitted under the provisions of section 635.1 and the approximate amount of personal property and income for the purposes of setting a bond.
> (6) The name and address of the proposed personal representative.

Iowa Code § 635.2.

§§ 633.63(1) ("Any natural person of full age, who is a resident of this state, is qualified to serve as a fiduciary, except any of the following: *a.* A person who is incompetent. *b.* Any other person whom the court determines to be unsuitable."), .168 (requiring every fiduciary to "subscribe an oath or certify under penalties of perjury that the fiduciary will faithfully discharge the duties imposed by law, according to the best of the fiduciary's ability").

These are independent requirements of section 635.1 and chapter 633. *See id.* § 635.1 ("[U]pon a petition as provided in section 635.2 *of an authorized petitioner in accordance with sections 633.227* . . . the clerk shall issue letters of appointment for administration to the proposed personal representative named in the petition, *if qualified to serve pursuant to section 633.63* . . . ." (emphasis added)); *see also id.* §§ 633.178 ("Upon the filing of an oath of office or certification and a bond, if any is required, the clerk shall issue letters under the seal of the court, giving the fiduciary the powers authorized by law."); .227 ("Where there is no will, administration shall be granted to any *qualified person* . . . ." (emphasis added)). Because Piper does not challenge either of these independent alternative grounds, we consider those challenges waived and affirm the denial of his petition. *See, e.g.*, 5 C.J.S. *Appeal & Error* § 839 (May 2024 update) ("The appellate court will not reverse a ruling of the trial court that rests on independent alternative grounds where the appellant challenges only one of those grounds. An appellant must challenge all independent bases or grounds that fully support a judgment or appealable order. Grounds that are not attacked as erroneous on appeal will not be considered and are presumed binding and correct; the failure to attack alternative bases for judgment results in affirmance.").

Piper's alternative argument suffers a similar fate. He contends "the ruling in this case creates a standard that indigent fiduciaries are incapable of meeting." The implication is that because not everyone can afford an attorney, then denying probate due to lack of counsel leaves those individuals "unprotected by the law." This argument was not raised in district court and is therefore not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

For these reasons, we affirm the district court's denial of Piper's second petition to open administration of his mother's estate.

**AFFIRMED.**

Bower, S.J., concurs; Langholz, J., concurring specially.

**LANGHOLZ, Judge** (concurring specially).

I join the court's well-reasoned opinion in full. It properly decides only the issues necessary to resolve this appeal. But I realize that Rowan Piper may find that frustrating because it means we do not decide the one issue he argued to us—whether he should be able to open this small estate probate proceeding even if he has no attorney to represent him. So I write separately to emphasize three points.

First, our opinion affirming the denial of his petition to open administration of a small probate estate does not prevent Piper from filing a new petition. The district court's denial was based on deficiencies that could be corrected. So if Piper still seeks to open administration of the estate, he can try again, taking care to comply with *all* the statutory requirements.

Second, we do not decide that a party must be represented by an attorney to open administration of a small probate estate. Indeed, Piper makes several strong arguments that no such requirement exists in Iowa Code chapters 633 or 635 and that a contrary interpretation would raise serious concerns. But it's unnecessary for the court to address this issue. So we don't. And our opinion should not be misunderstood as rejecting Piper's argument or suggesting that it is proper to deny a petition to open a small probate estate just because the personal representative has been unable to hire an attorney.

Third, it does not appear that the district court took a contrary position, denying his petition because he lacked an attorney. Piper's appeal presumes that the district court did enforce a requirement that he retain an attorney. But no district court order says that. True, the court explained in its first ruling that one deficiency with his petition was that "[n]o designation of Attorney was submitted." But Iowa

Code section 633.82 only requires the filing of a designation providing certain information about "the attorney employed by the fiduciary to assist in the administration of the estate." Iowa Code § 633.82 (2023). And while Piper did not submit such a filing, I see no reason that even without an attorney he could not meet that requirement by filing a designation stating that he is representing himself and providing all the required contact information. The district court's ruling is not to the contrary.

Still, I do not intend to give Piper false hope. Proceeding in probate—even for a small estate—without an attorney is not easy. Under our adversarial system, courts and court officials cannot give Piper or other self-represented parties legal advice to help navigate the process. And Piper's inability to find an attorney who would assist him given the small value of this estate shows that as a legal system we have more work to do in figuring out how to fill gaps, like this one, in Iowans' access to justice. So for now, if Piper chooses to try again without legal representation, it will require care, diligence, and patience by him and the court to properly administer the proposed probate estate according to the law.